## A. C. GILBERT CO. v. SHEMITZ et al.
### No. 40.

Circuit Court of Appeals, Second Circuit.
Nov. 17, 1930.

George L. Wheelock, of New York City (Max W. Zabel, of Chicago, Ill., and Samuel H. Greenberg, of New Haven, Conn., of counsel), for appellants.

Bristol & White, of New Haven, Conn. (Harry E. Rockwell and Edmond M. Bartholow, both of New Haven, Conn., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The bill sets forth two causes of action, the first for infringement of United States design patent No. 75,682, and the second for unfair competition. The design is for a fruit juice extractor. The article shown in the patent is used for extracting the juice of oranges. It has a juice-receiving bowl in which is a shredder element rotated by an electric motor located within the casing of the device. Complainant's counsel say about the device:

"The bowl has a laterally extending spout from which the juice is discharged into the glass. The motor is started by shifting the electric switch on the side of the casing; this causes rotation of the ribbed shredder bulb in the bowl; and the half of the fruit is pressed down on the rotating bulb so as to force out the juice, which passes to the bowl bottom and thence through the spout into a glass or other receptacle. The design of the patent is for a casing for a device of this kind, that is to say, the outer visible parts which enclose the motor and other mechanical parts of the device."

We cannot agree with the argument that the defendants' design does not infringe if the patent in suit is valid and is to have any protection at all. The designs are so similar that it would be almost frivolous to allow the defendants to escape on any such ground. The weakness of the complainant's case lies deeper than this. It has many times been held that there must be originality and taste to justify the granting of a design patent, and that mere mechanical skill is insufficient. Smith v. Whitman, 148 U. S. 675, 13 S. Ct. 768, 37 L. Ed. 606. If the design goes no farther than to embody an obvious neatness and attractiveness that will make articles of household use more compact and pleasing than has generally been the case, this is not in itself enough. The shape of a tin can might be thought to reach this degree of attractiveness, yet it would hardly be said to furnish a patentable design for a coffee pot. The subject of design patents is difficult, for there are no standards. Yet we are obliged to determine, as best we may, whether the design in question is original and æsthetic and involved a step beyond the prior art requiring what is termed "inventive genius."

Certain outlines of the casing of a juice extractor, such as the spout, the switch, and a cylindrical housing for the rotating bulb and the electric motor, are obvious mechanical features. There is some difficulty in regarding a casing for the compact assemblage of these parts as the proper subject of a design patent. The absence of any ornamentation, though pleasing, seems dominantly utilitarian, even though it results in an attractive configuration. But, whatever may be thought of the appeal to æsthetic taste, we are satisfied that there was no inventive skill in the slight modification of prior models involved in working out the design of the patent in suit.

The patent was originally rejected by the Examiner in the Patent Office over United States patent No. 210,207 to Miller, but was finally allowed. The Miller patent showed a cylindrical casing for a water urn of pleasing and severely simple design, but did not show such a base or cup as are found in the Gilbert patent. There was a failure on the part of the Examiner to notice patents having features much closer to Gilbert than the patent to Miller. For example, the United States patent No. 1,459,918 to Brophy was for a juice extractor, and scarcely differed from Gilbert except in having its cylindrical section divided into two parts of different diameter rather than made with a uniform diameter as in the Miller patent. The United States patent No. 1,389,454 to Murphy, also for a juice extractor, shows a design where the shell is contracted below the cup so as to have a shape somewhat like an urn. Its configuration would seem to be less inevitably utilitarian than that of Gilbert, but, by employing the cylinder of Miller, it could readily be modified so as to embody Gilbert's design. The most pertinent reference is United States patent No. 1,533,208 to Pursell. This shows a cup and cylinder and base with a general outline so close to Gilbert that we can find no invention in making the slight changes necessary to form the latter's design.

In view of the foregoing, we must hold the patent in suit invalid for lack of invention.

It is attempted to sustain the cause of action for unfair competition on the ground that the defendants' fruit juice extractors closely resembled those of the complainant and that by many sales and much advertising the form of the article had acquired a "secondary meaning." But there is no proof of palming off, nor is there anything to show that fruit juice extractors of the design in question have been bought because they orig-

inated with the complainant rather than because they were useful articles of a neat appearance. Defendants' devices have been provided with their own name plate and there seems to be no reason to suppose that any confusion of goods is likely. It is to be remembered that the defendants would have the right to copy the Gilbert design slavishly so long as they did not represent that the goods sold were those of the complainant. They have made no such representation in form or substance. Moreover, the elements of the fruit juice extractor are so far functional that nothing short of a clear danger of confusion would justify us in requiring a modification of the model. Crescent Tool Co. v. Kilborn & Bishop Co. (C. C. A.) 247 F. 299; Miller Rubber Co. v. Behrend (C. C. A.) 242 F. 515. Accordingly we hold that the cause of action for unfair competition has not been established.

The decree is reversed, with direction to dismiss the bill.