128

COLLEGE INN FOOD PRODUCTS CO. v.
HURFF.

No. 4304.

District Court, D. New Jersey.
July 5, 1932.

Albert J. Fihe, of Chicago, Ill., for complainant.

Stephen H. Philbin, of New York City (Harold F. Watson, of New York City, of counsel), for defendant.

AVIS, District Judge.

The above-stated cause has been heard and argued on final hearing.

The bill of complaint alleges that Ernest L. Byfield was the inventor of a certain new and ornamental "Design for bottle," and that upon his application a design patent (No. 83,427) was issued to him on February 24, 1931; that said Byfield, on June 27, 1930, sold and transferred to the complainant the full and exclusive right to the said invention; and that said complainant is the owner of said patent.

The bill further states that the complainant has used the bottles so designed in large quantities in its business of marketing tomato juice cocktail, in which it has expended large sums of money.

The bill then alleges that the defendant in the marketing and selling of his product (also a tomato juice cocktail), has infringed upon the design letters patent.

It is further claimed in said bill that the defendant, by the use of a bottle so similar to complainant's, and in which it is alleged defendant marketed an inferior quality of cocktail, has been guilty of unfair competition.

The prayer of the bill is: (1) For an injunction; (2) for an accounting with treble damages; (3) for such other relief as the circumstances of the case may require and the court may see fit. Defendant's answer denies validity of the patent and assignment; also denies infringement, and sets up sundry prior patents and prior use.

The first question argued relates to the validity of the title of complainant. It is asserted that the complainant has no title by reason of the fact that the assignment was not recorded within the time limited by the statutes (35 USCA § 47). I am convinced that this objection is not dispositive of the action, believing that the complainant owns the rights of Byfield in the patent issued.

The next question submitted relates to the validity of the patent itself. It is claimed, in substance, that the design lacks invention; that it is anticipated by patents theretofore issued; that it is a combination of old elements known to the art prior to the filing of the application; that it is a product of me-

chanical skill, and does not demonstrate the exercise of any inventive faculty.

The act of Congress (35 USCA § 73) provides for the issuance of a patent to "any person who has invented any new, original, and ornamental design for an article of manufacture. * * *"

"It is the appearance to the eye that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense. * * *" Gorham Mfg. Company v. White, 14 Wall. (81 U. S.) 511, 20 L. Ed. 731.

This case further holds that the question of infringement rests upon the eye of an ordinary observer, not an expert. See, also, Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606.

Prior to the application and issuance of the patent, both plaintiff and defendant had used, in marketing tomato juice cocktail, a bottle commonly known as a cocktail shaker. By agreement, it was stipulated, by counsel for both parties, that this bottle, or others substantially like it, were used by others prior to plaintiff's adoption thereof, and more than two years prior to August 30, 1930, which was the date of filing of application for patent, by Toddy, Inc., New York, Boyce Extract Company of Brooklyn, and Mayfair Products, Inc., of New York.

A careful comparison of the drawing accompanying the patent, and the old cocktail shaker bottle, shows that the proportions of the two bottles are practically the same. The only apparent difference is the fact that the neck of the bottle shown in the patent drawing has been shortened; the band on the surface at the bulge of the bottle has been widened, and two steps or collars have been placed at the base. These steps or collars at the base are very similar to those shown in the Watson patent, No. 12908, and might have been inspired thereby. They are also much like those on jar, Defendant's Exhibit No. 26.

Taking into consideration all of the evidence, I am unable to determine that the shortening of the neck, the widening of the surface band, and the adding of steps or collars to the base shows invention, or should entitle plaintiff to a patent for what appears to be the almost identical cocktail shaker bottle of the prior art with the additions referred to. It does not evidence a "new, original, and ornamental design," nor does it rise above mere mechanical skill. See A. C. Gilbert Co. v. Shemitz (C. C. A. 2) 45 F.(2d) 98; Fox v. Spiegel (D. C. Conn.) 50 F.(2d) 195; Kanne & Bessant, Inc., v. Eaglelet Metal Spinning Co., Inc. (D. C. S. D. N. Y.) 54 F.(2d) 131.

It would seem that the conclusions reached as to the validity of the patent would make it unnecessary to discuss the other matters brought to the court's attention. However, I deem it not out of place to briefly call attention to my impression as to the other points raised.

1. *The allegation that in practice the bottle used by the plaintiff differed materially from the patent itself.*

My examination of the bottle used by plaintiff, and a comparison of it with the design in the patent, convinces me that in appearance there is a very material difference. The bottle used has practically straight sides; the difference in diameter at the band, as compared with that immediately above the steps or collars, is three-eighths of an inch, whereas the difference in diameter at practically the same points of the bottle shown in the drawing attached to the patent, is approximately one inch. In a bottle about nine inches high, this creates a decided difference in appearance to the eye, when the illustration and the bottle are placed side by side. The bottle actually used by plaintiff is not identical with the illustration of the patent, and, after careful comparison, is not an equivalent. At the trial the effort was made to show that the defendant's bottle infringed the bottle in actual use by the plaintiff, but, the action being based upon the patent, it is clearly apparent that there is no similarity between the defendant's bottle and the illustration, except the fact that both are bottles.

2. *The denial of infringement of patent.*

As above stated, the defendant's bottle does not infringe the patent illustration. This is apparent to even the casual observer. The claim in the patent is "the ornamental design for a bottle as shown."

I have heretofore stated in this opinion the respective dimensions, and the comparative appearance of the bottle to the eye shows a greater difference than even the measurements would imply.

If plaintiff's patent is valid, the defendant's bottle does not infringe.

3. *The question of whether the defendant's bottle infringes the bottle in actual use by the plaintiff.*

The comparison of the two bottles in actual use shows such a dissimilarity that, in my opinion, from observation and measurements, the ordinary observer could not be deceived. The bottles are about the same height,

but have different style caps; the curve of the bottles at the top have a different angle; the band below· the curve shows distinctly on plaintiff's bottle, and is wide and thick, while defendant's has two small rings about five-eights of an inch apart between which, and level with the sides of the bottle, are decorations of a diamond and X character, placed alternately. On the heavy band of plaintiff's bottle are the words "College Inn" twice displayed, and continued around the band. On the base of plaintiff's bottle there are two so-called steps, whereas on the defendant's bottle there is a flange only.

The defendant's bottle does not infringe the bottle actually in use by the plaintiff.

As to unfair competition, the statements hereinbefore made appear to be sufficient to dispose of this claim. However, in addition to what has been said, the facts show that an entirely different label was used by the defendant, easily distinguishable. No direct proof was produced to show that the defendant knew of the shape of plaintiff's bottle at the time his was manufactured. The plaintiff adopted his form of bottle at or about the time of the filing of the application for the patent, and in addition I am confident that no ordinary observer would be deceived in making purchases. Fraud and intent is not shown, actual or constructive.

I find as facts: (1) That the plaintiff's patent is invalid; (2) if patent is valid, it is not infringed by defendant's bottle; (3) that the bottle used by the plaintiff is not constructed in accordance with claimed patent, and is not equivalent thereto; (4) that defendant's bottle does not infringe the bottle in use by the plaintiff, if said bottle is constructed in accordance with claimed patent or equivalent thereto, and patent is valid; (5) that there is no evidence to show unfair competition.

Applying the well-known principles of law, the result is the dismissal of the bill of complaint.