**NEUFELD–FURST & CO., Inc., v. JAY–DAY FROCKS Inc.**

No. 362.

Circuit Court of Appeals, Second Circuit.

June 10, 1940.

## NATIONAL LABOR RELATIONS BOARD v. EASTERN FOOTWEAR CORPORATION.

### No. 310.

Circuit Court of Appeals, Second Circuit.

June 17, 1940.

Nat C. Helman, of New York City (Harry Price, of New York City, of counsel), for appellant.

Charles Sonnenreich, of New York City, for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

In this circuit it is firmly established that more is required for a valid design patent than that the design be new and pleasing enough to catch the trade; it must be the product of "invention," by which is meant that conception of the design must demand some exceptional talent beyond the skill of the ordinary designer. Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475. Such a standard is necessarily vague and difficult of application. Nevertheless, "we are obliged to determine, as best we may, whether the design in question is original and æsthetic and involved a step beyond the prior art requiring what is termed 'inventive genius.'" See A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99. In the case at bar the prior art showed numerous designs for dresses each of which had one or more of the salient features of the patent in suit. To combine them into the design of the patent produced a dress of new and pleasing appearance which caught the fancy of the purchasing public in the summer of 1938, but we cannot say that it required more than the skill of a good dressmaker who had, or is chargeable with, knowledge of the prior art. We think the patent is invalid. The decree should be reversed and the complaint dismissed. So ordered.