**WHITE et al. v. LOMBARDY DRESSES, Inc.**

District Court, S. D. New York.

Sept. 11, 1940.

Charles Sonnenreich, of New York City, for plaintiffs.

Herman Mendes, of New York City (W. Lee Helms, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff moves for a preliminary injunction restraining the defendant and its representatives from infringing three certain design patents, No. 121,448, No. 121,542 and No. 121,660, in litigation herein, and from exhibiting, selling and manufacturing any ladies' dresses made in accordance with and embodying said design patents.

Voluminous affidavits and exhibits have been submitted on this motion by both sides to this litigation. I have not the slightest doubt but that the defendant deliberately purchased and copied dresses made by plaintiff under its alleged design patents. I have been shown the dresses involved herein. The defendant has pirated plaintiff's dress designs. It appears that defendant frequently purchases dresses designed by others and retailing at good prices, copies and manufactures the same in cheaper materials, and sells the copies to retailers at prices much lower than what the original designed dresses sell for in the market.

I should like to be able to do something to put an end to this practice and to grant the plaintiff some relief, but unfortunately the plaintiff's alleged design patents, which have been issued by the Patent Office, do not meet the test of "invention" set forth in the decisions of the Circuit Court of Appeals for this Circuit. I have in mind in particular the recent decision of our Circuit Court of Appeals in Neufeld-Furst & Co., Inc. v. Jay-Day Frocks, Inc., 112 F.2d 715, 716, decided July 29, 1940, from which the following is quoted: "In this circuit it is firmly established that more is required for a valid design patent than that the design be new and pleasing enough to catch the trade; it must be the product of 'invention,' by which is meant that conception of the design must demand some exceptional talent beyond the skill of the ordinary designer. Nat Lewis Purses, Inc. v. Carole Bags, Inc., 2 Cir., 83 F.2d 475. Such a standard is necessarily vague and difficult of application. Nevertheless, 'we are obliged to determine, as best we may, whether the design in question is original and æsthetic and involved a step beyond the prior art requiring what is termed "inventive genius." ' See A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99."

I have heard both sides in extended argument in the case at bar, on this motion for a preliminary injunction. I have followed carefully the references of the defendant to the prior art and the exhibits submitted to sustain the defendant's contention that there is no "invention" in the conception of plaintiff's dress design patents involved in this litigation. I have heard also plaintiff's counsel reply to these arguments and I have followed his discussion of the exhibits relied upon by the defendant as establishing the prior art. It would serve no useful purpose to discuss here all of the exhibits that have been filed on this motion. My conclusion may be expressed in the words of the Circuit Court of Appeals in the Neufeld case, supra: "In the case at bar the prior art showed numerous designs for dresses each of which had one or more of the salient features of the patent in suit. To combine them into the design of the patent produced a dress of new and pleasing appearance which caught the fancy of the purchasing public * * *, but we cannot say that it required more than the skill of a good dressmaker who had, or is chargeable with, knowledge of the prior art. We think the patent is invalid."

I am, therefore, of the opinion that the motion for the preliminary injunction should be denied. Submit order on notice.

The parties will kindly provide, in the order, for some disposition of the exhibits submitted on this motion. They are too voluminous for the Clerk's files.