## ROSEWEB FROCKS, Inc., v. MOE FEIN-BERG–MOR WIESEN, Inc., et ai.

District Court, S. D. New York.

May 14, 1941.

Charles Sonnenreich, of New York City, for plaintiff.

J. K. Colman, of Brooklyn, N. Y. (William E. Warland, of New York City, of counsel), for defendants.

INCH, District Judge.

Plaintiff brings this action for infringement of design letters patent.

There is no question but that many times manufacturers, such as plaintiff, have been unable to find in the law, as it now exists (relating to copyright or design patents), sufficient protection to protect a new, attractive and interesting dress. In most cases the law of unfair competition is unavailing. The copyright law lacks the examination which an application for a design patent requires. A design patent must show real invention. Such dress must show not merely a dressmakers' skill, but must be something at least a slight step in advance in the art as well as appealing to the eye, however attractive to buyers the design may prove to be. Smith v. Whitman Saddle Co., 148 U.S. 674, 679, 13 S.Ct. 768, 37 L.Ed. 606; Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380; Neufeld-Furst & Co., Inc., v. Jay-Day Frocks, Inc., 2 Cir., 112 F.2d 715.

The skill of the multitude of dressmakers, the innumerable fashion magazines, the many services rendered to manufacturers by design companies, these and many other sources make real advancement, although slight, in the art, exceedingly difficult. Here the plaintiff paid salaries to designers, assistants, sample makers, and each year, after a considerable period of time devoted to an effort to produce what is considered a new and pleasing dress, a group of these are presented as a so-called "line" to buyers. From this perhaps one or two or even more make a decided "hit" with those who buy both wholesale and retail, yet, immediately such "hit" dress is copied, usually not exactly, but sufficiently so to lessen materially the demand for same there seems to be no adequate means to compel a limited monopoly over such dress.

It seems to me that the courts cannot take the place of proper legislation which may be devised to give some protection to a manufacturer such as plaintiff, although such protection is now lacking because of the true lack of invention as in the case here.

I am unable, after careful consideration of the testimony both of the plaintiff and defendant, to come to the conclusion that however attractive the design may be, and the resulting dress produced before the court, that such design represents a true invention in view of the crowded state of the art.

Accordingly, the complaint must be dismissed with costs. Submit findings of fact and conclusions of law.