### GOLD SEAL IMPORTERS, Inc., v. MORRIS WHITE FASHIONS, Inc.

District Court, S. D. New York.

May 20, 1941.

Morris Hirsch, of New York City (Dean, Fairbank & Hirsch, of New York City, of counsel), for plaintiff.

Archibald Palmer, of New York City (Samuel Hassen, of New York City, of counsel), for defendant.

GALSTON, District Judge.

This action relates to the alleged infringement of design letters patent No. 125,540, issued February 25, 1941, on the application of Leo Friedman, filed January 27, 1941, and thereafter assigned to the plaintiff.

Plaintiff's motion for a preliminary injunction was granted on the ground that infringement of the patent was clearly apparent on comparison of the defendant's bag with the patent in suit. The patent was also held valid as disclosing a pleasing ornamental design evidencing invention and not anticipated by any of the art disclosed in the opposing papers.

Though the determination of the issues of infringement and validity, on a motion for a preliminary injunction, is not conclusive on the trial judge, O'Connell et al. v. Gentry County Bank et al., 8 Cir., 55 F.2d 806, nevertheless great heed must be given to such decision with the reservation that generally matters are more fully presented at the trial than through the medium of affidavits on the motion. Also new matter introduced at the trial may effect both issues of the patent suit.

Some difference may be noted between the defendant's bag and the design of the patent. The horizontal ornament of the patent is a rod, the exterior surface of which is spiral in appearance. Sections of the rod separate the somewhat vertical folds of the bag. The ornament in that distinctive shape is not found in the defendant's bag. The defendant employs a rod with a series of beads, single beads separating adjacent folds. The handle of the zipper arrangement is also somewhat different from that of the patent. However, the outline of defendant's bag follows the conformation of the patent in suit, as do the folds. Despite the differences, the general appearance of the two bags is markedly similar and minor differences should not relieve the defendant of the charge of infringement, unless the prior art discloses invalidity of the patent or at least reveals sufficient to justify the defendant in the production of its challenged bag.

A voluminous record resulted from the varied effort of the defendant to prove everything bearing on the issue of validity. The defendant sought to show that the shape of the plaintiff's bag is old; that the idea of using folds in bags on either or both faces is old; that manipulating the folds and maintaining their position by ornaments is also old, and finally that the defendant itself followed the teaching of the prior art, developing it by ordinary skill to produce the handbag alleged to infringe.

It may be stated that no anticipation, either in the form of a patent or other publication or use, in itself discloses the patented design. The nearest approach in conformation and configuration, and indeed a very close approach, is the so-called bag of sculptured leather (Exhibit AA); but the evidence to establish the date of its adoption, manufacture or use is wholly insufficient under the rule of evidence which requires a prior use to be established beyond a reasonable doubt. The evidence in this respect is of the same inferior quality as that relating to an alleged earlier conception by the defendant of the plaintiff's design.

A trade magazine, Luggage & Leather Goods, for August, 1939, pictures a bag having indented sides and folds, and curved top, but shows no other features of the patent in suit.

Exhibit Z is a bag having indented ends and folds on one face only, and a horizontal rod piercing the folds.

■ If the defendant's bag is compared with this exhibit the front face shows very little difference. The bottom line of Exhibit Z is slightly concave instead of convex, and there are no beaded ornamentations between folds, but the similarity is such that if Exhibit 3, the defendant's bag, infringes the patent in suit, there is so much of Exhibit 3 found in Exhibit Z that either Exhibit Z must be held to be an anticipation of the patent or the patent must be so narrowly construed as to relieve Exhibit 3 from the infringement charged.

■ It is true, Exhibit Z has folds on only one face; but duplication of parts is not invention. Since the same tests are applied to design patents as to mechanical patents, Whiting Mfg. Co. v. Alvin Silver Co., 2 Cir., 283 F. 75; Steffens v. Steiner, 2 Cir., 232 F. 862, mere duplication of the design is not invention. Simply to adopt the same design for both faces would not seem to be an inventive act. Indeed, that it was not new to design the faces alike is disclosed in the bag, Exhibit HH.

The plaintiff urges that the rod of Exhibit Z does not appear to twirl or pinch the pleats together, no beads being employed. But in Exhibit HH beads are used as in the defendant's bag. It may be said of this Exhibit HH that the beads do not pinch the folds, but to do so would not involve more than to change the degree of separation of the folds or the diameter of the beads, and thus raises the doubt whether such difference is sufficiently great to justify the award of patentability.

■ In Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475, 476, a design patent for a woman's purse was under consideration. In weighing the question of invention, despite differences of size or proportion between the patented design and the alleged anticipation, and though the general effect of the patented design was more pleasing and trim, the court concluded that more is required than the creation of a design new and pleasing enough to "catch the trade". The opinion, referring to Steffens v. Steiner, 2 Cir., 232 F. 862, said: "we held

that a design patent must be the product of 'invention,' by which we meant the same exceptional talent that is required for a mechanical patent. Since then we have several times expressly reiterated the doctrine. Strause Gas Iron Co. v. Crane Co. [2 Cir.], 235 F. 126, 131; Whiting Mfg. Co. v. Alvin Silver Co. [2 Cir.], 283 F. 75, 78; American Fabrics Co. v. Richmond Lace Works [2 Cir.], 24 F.(2d) 365, 367; Berlinger v. Busch Jewelry Co. [2 Cir.], 48 F.(2d) 812."

Nat Lewis Purses, Inc., v. Carole Bags, Inc., supra, recognizes that the piracy of designs, "has been often denounced as a serious evil" and "efforts have been made to induce Congress to change the law so as to give some such protection, without success so far; and until it does, new designs are open to all, unless their production demands some salient ability."

Nat Lewis Purses, Inc., v. Carole Bags, supra, was followed by Neufeld-Furst & Co., Inc., v. Jay-Day Frocks, Inc., 2 Cir., 112 F.2d 715, which case also followed A. C. Gilbert Co. v. Shemitz et al., 2 Cir., 45 F.2d 98, 99. In the last named case the design patent related to a fruit juice extractor and was held invalid for lack of invention based on the teaching found in three prior patents, no one of which was itself a complete anticipation. Judge Augustus Hand wrote concerning these patents: "The United States Patent No. 1,389,454 to Murphy, also for a juice extractor, shows a design where the shell is contracted below the cup so as to have a shape somewhat like an urn. Its configuration would seem to be less inevitably utilitarian than that of Gilbert, but, by employing the cylinder of Miller, it could readily be modified so as to embody Gilbert's design."

In Neufeld-Furst Co., Inc., v. Jay-Day Frocks, 2 Cir., 112 F.2d 715, 716, the per curiam decision recited: "In the case at bar the prior art showed numerous designs for dresses each of which had one or more of the salient features of the patent in suit. To combine them into the design of the patent produced a dress of new and pleasing appearance which caught the fancy of the purchasing public in the summer of 1938, but we cannot say that it required more than the skill of a good dressmaker who had, or is chargeable with, knowledge of the prior art. We think the patent is invalid."

Apparently the development of the patented design in suit required nothing more than ordinary skill rather than creative art

to deepen the folds or slightly·change their proportions and pierce them with an ornament of current style rather than with the bar of the older art.

In view of the foregoing, the complaint must be dismissed.

Submit findings of fact and conclusions of law such as conform with the foregoing opinion.