GOLD SEAL IMPORTERS, Inc., v. MORRIS WHITE FASHIONS, Inc.

No. 108.

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1941.

Dean, Fairbank & Hirsch, of New York City (Morris Hirsch, of New York City, of counsel), for appellant.

Archibald Palmer, of New York City (Samuel Hassen, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is a suit for infringement of a design patent, No. 125,540, issued on February 25, 1941 to Leo Friedman and by him assigned to the plaintiff. The design is for a lady's handbag. Upon motion for a preliminary injunction, the patent was held valid and infringed and the injunction was granted upon the plaintiff's posting a $5,000 bond. Thereafter the case came on for final hearing before another district judge, who held that a prior art bag, exhibit Z, was so similar in design as to invalidate the patent in suit or, at least, to require it to be so narrowly construed as to relieve the defendant from the charge of infringement. Gold Seal Importers v. Morris White Fashions, D.C., 38 F.Supp. 890. Accordingly the complaint was dismissed and the cause was referred for assessment of damages and costs incurred by the defendant by reason of the preliminary injunction. From this decree the plaintiff has appealed.

If the patent is valid, we have no doubt that the accused bag of the defendant infringes. The test of infringement is whether the two designs have substantially the same effect upon the eye of an ordinary observer who gives the matter such attention as purchasers usually give. Gorham Mfg. Co. v. White, 14 Wall. 511, 81 U.S. 511, 528, 20 L.Ed. 731; American Fabrics Co. v. Richmond Lace Works, 2 Cir., 24 F. 2d 365, 367. A comparison of the bags in question satisfies us that this test is met. Judge Leibell, who granted the preliminary injunction was clearly of this opinion, and Judge Galston, who presided at the final hearing, would have reached the same conclusion except for the limitations imposed by exhibit Z. He made findings that the outline of the defendant's bag follows the conformation of the patent in suit, as do the folds, and that the general appearance of the two bags is markedly similar, despite

differences in the horizontal ornament and the handle of the zipper arrangement.

The patent contains no specifications of the design other than the accompanying drawings. These disclose a bag whose general contour is an oval with deeply indented ends. The front elevational view shows shirring or folds radiating from the center and interspaced by portions of an ornamental, horizontal, spiral rod which pierces each fold about midway between the upper and lower edges of the bag and serves to hold the folds in place; it gives the effect of appearing to twirl the folds toward the center and forms the central motif of the design. The mouth of the bag, concealed within the upper edge, is opened and closed by a zipper, of which only the handle is visible except in the top elevational view.

■ The bag of the patented design has a uniqueness of appearance and an aesthetic appeal not found in any prior patent or publication. But it is not enough for patentability to show that a design is novel, ornamental and pleasing in appearance. As this court has often said, particularly in recent years, "it must be the product of invention"; that is, the conception of the design must require some exceptional talent beyond the range of the ordinary designer familiar with the prior art. Nat Lewis Purses v. Carole Bags, 2 Cir., 83 F.2d 475, 476; Neufeld-Furst & Co. v. Jay-Day Frocks, 2 Cir., 112 F.2d 715, 716; White v. Leanore Frocks, 2 Cir., 120 F.2d 113, 114. Such a standard is necessarily vague and difficult of application; and such difficulty is emphatically demonstrated by the case at bar, where two district judges have entertained divergent views on this very issue. Nevertheless we are obliged to determine, as best we can, whether the design in question involved a step beyond the prior art requiring "invention".

■ A large number of prior art bags were put in evidence by the defendant, but none of them needs be discussed except exhibit Z, which is concededly the closest reference. According to the testimony of Morris White, this was a bag made and sold by the defendant in 1928. The appellant now contends that the authenticity of this bag was not adequately proved. This is true; nevertheless the appellant is clearly precluded from raising this contention. When exhibit Z was offered in evidence along with two other exhibits, counsel for the plaintiff said: "They are not proved, but I won't object to them, anyway." The court remarked "All right", and the exhibits were received. Thereafter counsel for the defendant offered to put on a witness named Bell to testify that he worked as a salesman for the defendant in 1928 and made sales of the bag in evidence as exhibit Z; and counsel for the plaintiff stated he would stipulate that, if Bell were called, he would so testify. Thereupon the defendant rested. We cannot read counsel's remarks to mean anything but a concession that exhibit Z might be received as prior art and that no further evidence would be required. Evidently the judge so understood it and so did the defendant's counsel. On this record we must accept exhibit Z as a prior art bag.

In general contour the bag is not precisely the same as the design of the plaintiff's patent. The bottom edge is straight, not curved as is the plaintiff's; but like the patented design the top edge has an oval curve and the ends are indented, although the indentations in the patented bag are more pronounced. The frontal elevation of one side shows radiating folds pierced and interspaced by a horizontal ornament of the familiar curtain rod type placed somewhat nearer the top than is the plaintiff's spiral rod. The reverse side is plain and flat, except for a loop in which the wearer might insert her hand. The folds on the front side are not so deep or pronounced as in the plaintiff's and this, coupled with the flat reverse side, gives the bag a thinner and less puffy appearance than has the plaintiff's. The mouth is not inset below the top edge nor closed with a zipper. These differences prevent the bag from being a complete anticipation of the patented design.

■ The question remains whether the rearrangement of old elements with such minor variations as were necessary to produce the plaintiff's design involved some exceptional talent beyond the range of the ordinary designer. Each change in itself was simple: to make the shape more nearly oval, to deepen the folds on the front side and use a spiral rod for the central ornament, to duplicate the folds and ornament on the reverse side, to sink the mouth within the top edge and provide a zipper for closing. No one of these things would seem to involve exceptional talent beyond the skill of a designer. Whether the conception of a design combining all these changes into a unitary and pleasing whole requires a flash of "inventive genius" rather than

routine designing no formula can determine. In final analysis it depends upon the judgment of the judge or judges who have the last say. In our opinion Judge Galston was correct in ruling that the development of the patented design "required nothing more than ordinary skill rather than creative art." [38 F.Supp. 892].

Decree affirmed.