## GRINOCH v. TUXTON CRAVATS, Inc.

United States District Court
S. D. New York.

Dec. 3, 1951.

Charles Sonnenreich, New York City, for plaintiff.

Otterbourg, Steindler, Houston & Rosen, New York City, Aaron Rosen and Frederic P. Houston, New York City, for defendant.

McGOHEY, District Judge.

This is a suit to enjoin the manufacture and sale of pleated neckties alleged to infringe plaintiff's Design Patent No. 150,851, "Design for a Pleated Necktie," issued September 7, 1948 for a term of fourteen years. An accounting is also sought.

The patent contains only this single claim: "The ornamental design for a pleated necktie, as shown and described."

"Fig. 1 is a perspective view of a pleated necktie embodying my new design, showing the pleated front and the inside of the unpleated back.

"Fig. 2 is a sectional view taken on the line 2—2 of Fig. 1 illustrating in detail the pleated portion which is the dominant feature of my design."

This "dominant feature" consists of a center box pleat flanked on each side by two "side pleats."

Plaintiff has had great success in marketing his ties under an exclusive sales agreement with Herbert Bergheim & Co. From March, 1949 to November, 1951, more than three thousand dozen ties have been sold to selected haberdashers for resale at $10 each. This price was uniform throughout the United States.

On or about April 27, 1951, the defendant, having failed in efforts to persuade the plaintiff to manufacture pleated ties for it, began to make and sell pleated ties at prices substantially below the retail price of plaintiff's ties.[1] The visual effect of the defendant's ties is the same as that of the plaintiff's, and if the patent is valid there is, beyond question, infringement.[2]

■■ The issue then is validity. A design to be patentable must, at minimum be new, original and ornamental.[3] But that is not enough. It must also involve "a step beyond the prior art requiring * * * 'inventive genius.' "[4] Mere regrouping of elements old in the field will not suffice unless it rises "above the commonplace" or demonstrates "originality which is born of the inventive faculty".[5]

■■ It is, of course, not claimed that there is anything new about the outline of a man's necktie. Invention, as shown in Fig. 1, is claimed only for the design which regroups the old necktie with box and knife pleats. But the evidence demonstrated that pleats of all kinds and combinations, including the combination of a center box pleat flanked on each side by two side pleats, were old long before plaintiff's "invention." In December, 1883 Patent No. 290,129 was issued to E. L. Smith for a machine to make pleats identical to those used in plaintiff's design. And that was preceded by Patent No. 128,722 issued on July 9, 1872 for another type of machien for making box pleats flanked on each side by two side pleats. In 1923 Patent No. 1,451,220 was issued to J. J. Heap for a "Plait Folder for Sewing Machines." This device formed cloth into a box pleat flanked on each side by one side pleat. In 1934 Design Patent No. 93,108 was issued to C. Jaccarino for a dress design. The front of the skirt is formed into a box pleat flanked by at least two side pleats. The prior art as disclosed by the foregoing and ten other exhibits clearly shows numerous instances where pleats of the kind employed here have been used in wearing apparel for men and women. The mere combination of such pleats with a man's tie did not in my opinion require inventive genius.[6] There are no "unusual or surprising consequences from the unification of the elements here concerned," nor any addition by the plaintiff to the "sum of useful knowledge."[7] The undoubted commercial success of the plaintiff's tie does not make up for the clear lack of invention.[8]

1. The suit was started in May, 1951, and, issue having been joined on June 12, 1951, a preference was sought and granted on June 28, 1951. The trial, set down for the October term, began on November 8 and concluded with the parties' final submissions on November 14, 1951.

2. Gold Seal Importers, Inc., v. Morris White Fashions, Inc., 2 Cir., 124 F.2d 141.

3. 35 U.S.C.A. § 73.

4. A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99.

5. Knickerbocker Plastic Co., Inc., v. Allied Molding Corp., 2 Cir., 184 F.2d 652, 654.

6. Neufeld-Furst & Co., Inc., v. Jay-Day Frocks, Inc., 2 Cir., 112 F.2d 715, 716.

7. Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 95 L.Ed. 162.

8. Knickerbocker Plastic Co., Inc., v. Allied Molding Corp., note 5 supra.

The Court's findings of fact and conclusions of law are filed herewith.

A decree will be entered for the defendant.