**Ernest KLEIN, Plaintiff-Appellant,**

v.

**BURNS MANUFACTURING CO., Inc.,
Defendant-Appellee.**

**No. 350, Docket 24432.**

United States Court of Appeals
Second Circuit.

Argued May 10, 1957.

Decided May 28, 1957.

Ernest Klein, pro se.

Smith & Sovik, Syracuse, N. Y., for appellee, Martin F. Kendrick, Syracuse, N. Y., of counsel.

Before CHASE, HINCKS and LUM-BARD, Circuit Judges.

PER CURIAM.

The appellant who, by assignments had become the sole owner of U. S. Design Patent No. 162,777 issued to him and E. J. Berger on April 10, 1951, for an ornamental design for a combined knife, saw and fork, sued the appellee for infringement. There was a trial by jury which ended at the close of the appellant's evidence when the court granted appellee's motion for the dismissal of the complaint under Rule 41(b), Fed.Rules Civ.Proc. 28 U.S.C.A.

■ There was no conflicting evidence as to any material fact, no question of the credibility of witnesses was presented, and unless there is something about a patent case tried to a jury which sets it apart from other jury trials in respect to the direction of a verdict, for that is what, in effect, was done, no jury question was presented. Brady v. Southern R. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Pence v. United States, 316 U.S. 332, 62 S.Ct. 1080, 86 L. Ed. 1510. And this rule does apply to trials by jury in patent cases. Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 233 F.2d 9; Bridgeport Brass Co. v. Bostwick Laboratories, Inc., 2 Cir., 181 F.2d 315; Himes v. Chadwick, 9 Cir., 199 F.2d 100; Packwood v. Briggs & Stratton Corp., 3 Cir., 195 F.2d 971. In applying it in cases where the result is a holding of patent invalidity the evidence must be such that reasonable minds could reach only the conclusion that the presumptive validity of the patent has been overcome and the burden which is on the party asserting invalidity has been discharged as Section 282 of Title 35 U.S.C. requires.

■ Such was the situation here. The patent discloses a knife blade with a handle shank plainly intended to be covered by an attached handle not disclosed and so the design patented must be treated as only of the blade. That is a plain piece of metal shaped as follows:

■■ At the front end of it opposite the handle shank the middle position of the blade has been cut out to form two prongs to make a fork. One edge of the blade is serrated to form the saw, and, while the opposite edge is shown in the patent drawings as being at least as thick as the blade itself, it is evidently the cutting edge of the knife as distinguished from the sawing edge. Shaping the blade so as to make it usable as a knife, fork and saw was not a new design as the two patents cited in the application on which this one issued clearly show. Des.Pat.No. 42,622 issued to Gafinowitz on June 18, 1912 and No. 49,164 issued to Strachan on June 6, 1916. Indeed the shape or contour of it seems quite clearly the result of putting the combination together, as any skillful cutlery maker might, merely to satisfy utilitarian purposes and make it saleable for mechanical use rather than to make it unique or distinctively different in appearance from the old. But, whatever the purpose, the appearance of the patented combination is what counts and that fails to support the patent. General Time Instr. Corp. v. U. S. Time Corp., 2 Cir., 165 F.2d 853; Nat Lewis Purses, Inc. v. Carole Bags, Inc., 2 Cir., 83 F.2d 475. As Judge A. N. Hand said in A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99, "It has many times been held that there must be originality and taste to justify the granting of a design patent, and that mere mechanical skill is insufficient. Smith v. Whitman [Saddle Co.], 148 U.S. [674] 675, 13 S.Ct. 768, 37 L. Ed. 606. If the design goes no farther than to embody an obvious neatness and attractiveness that will make articles of household use more compact and pleasing than has generally been the case, this is not in itself enough."

■ It is abundantly clear that on the undisputed evidence no reasonable person could have found anything original and aesthetic about this design to make its creator an inventor and it an invention. Consequently there was nothing for submission to the jury.

Judgment affirmed.