**VACHERON & CONSTANTIN-LE COULTRE WATCHES, Inc.,**
Plaintiff,

v.

**BENRUS WATCH COMPANY, Inc.,**
Defendant.

United States District Court
S. D. New York.
Sept. 27, 1957.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for plaintiff.

James & Franklin, New York City, for defendant, Maxwell James, Harold James, New York City, of counsel.

DIMOCK, District Judge.

Defendant has moved for summary judgment and plaintiff has countered with a motion for a preliminary injunction. The complaint contains three counts: the first for design patent infringement, the second for unfair competition and the third for copyright infringement.

The subject matter is a watch produced by plaintiff under the style name of "Galaxy". Plaintiff seeks to enjoin defendant from selling or distributing its watch, style "Elegance Constellation", as being an imitation of plaintiff's watch.

Plaintiff's Galaxy is a wrist watch made to sell at $325. Its distinctive feature is the appearance of its face. In place of numerals there are jeweled "sticks" of equal length and width except the stick of the six o'clock position which is shortened to permit the introduction of the name "Le Coultre $\overline{(c)}$". The watch has no hands in the usual sense. Instead, transparent and practically invisible rotating discs, concentric with the round face, are substituted and, at a point at the perimeter of each disc, is a round mounting containing a jewel, one mounting being smaller than the other and presumably serving as an hour "hand" while the larger indicates the minutes. At the axis of the discs appears a polygonal metal head cut with facets like a rose-cut diamond. Inside the ends of the sticks, and concentric with the discs, there is a circle graduated into sixty minutes.

Defendant's Elegance Constellation is made to sell at $295. In general appearance it is very similar to plaintiff's Galaxy, the differences being: (1) The

sticks at the four quarter positions are the only ones that are jeweled while the others are knurled with much the same effect. (2) Instead of a short stick at six o'clock, it is at twelve o'clock and the word "Benrus" there appears. (3) Instead of the two round jewel holders on the invisible discs, there appears on one an arrow-shaped metallic indicator scored so that it reflects the light from two planes and on the other a triangular metallic indicator in which a jewel is mounted. (4) The head at the axis is flat and cut with a six pointed star instead of simulating a rose-cut diamond. (5) The circle inside of the ends of the sticks is not graduated into minutes. (6) Instead of the conventional attachments for the wrist band which appear on plaintiff's Galaxy, the Elegance Constellation employs lugs, of a shape somewhat similar to the angular points of the jaws on a pair of pliers, which give the watch case the effect of tapering from the greatest diameter of the watch to the point where it meets the wrist band.

It will be simpler first to consider plaintiff's claim for copyright infringement and then pass to the claim for design patent infringement and, finally, to the claim for unfair competition.

The case is remarkable in that no certificate of registration of copyright was ever issued. Plaintiff sold its watches with the copyright claim indicated thereon but two successive applications for a certificate of registration were refused by the Register of Copyrights upon the ground that the subject matter was not a work of art within the requirements of the Act.[1]

█ The Register of Copyrights acted properly in refusing registration.

The only ground upon which plaintiff's watch would be entitled to copyright protection would be that it was a work of art within that description as used in the classification of works for registration in the Copyright Act, Title 17 U.S.C. § 5(g). In applying the Copyright Act the term "work of art" has been given its colloquial rather than a philosophical significance. Section 202.10(c) of the Copyright Regulations, 37 C.R.F., 1956 Supp., 202.10(c),* provides:

> "If the sole intrinsic function of an article is its utility, the fact that it is unique and attractively shaped will not qualify it as a work of art. However, where the object is clearly a work of art in itself, the fact it is also a useful article will not preclude its registration."

This recognizes a penumbra where the object is so clearly a work of art that its utility will not preclude its registration. Such an object would be an engraved glass vase. We are used to calling such things objects of art. A wrist watch is not, however, within that class. In order to support its claim that the watch

1. It is dubious whether plaintiff can sue for infringement of the alleged copyright rather than suing to compel its registration as was done in Bouve v. Twentieth-Century-Fox Film Corporation, 74 App. D.C. 271, 122 F.2d 51.

Title 17 U.S.Code, entitled "Copyrights", provides in Section 13:

"No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this title with respect to the deposit of copies and registration of such work shall have been complied with."

Section 208 provides for entry in a book whenever a deposit of a copy of the work is made in the office of the Register of Copyrights. Section 209 provides, "In the case of each entry the person recorded as the claimant of the copyright shall be entitled to a certificate of registration". It is not claimed that the alleged copyright was ever registered.

Plaintiff, in support of its claim of right to sue for infringement without registration, cites White-Smith Music Pub. Co. v. Goff, 1 Cir., 187 F. 247. The contrary is indicated by Rosedale v. News Syndicate Co., D.C.S.D.N.Y., 39 F.Supp. 357; Algonquin Music Inc. v. Mills Music Inc., D.C.S.D.N.Y., 93 F.Supp. 268 and United States v. Backer, 2 Cir., 134 F.2d 533. It is, however, unnecessary to pass upon the question of plaintiff's right to sue for infringement of an unregistered, though valid, copyright in view of my later expressed conclusion that the claim of copyright is invalid.

* 17 U.S.C.A. following section 207.

is a work of art, plaintiff has gone so far as to cite testimony that it is hard to tell time by its watch. That plea that it is not a work of utility because not a very good work of utility, however, seems to me as ineffective as the oft proffered plea that something is not a work of art because it is not a very good work of art.

Rejection of the claim of valid copyright brings me to consideration of the design patent, No. Des. 178,091.

Title 35, United States Code, entitled "Patents" provides in Section 171:

"Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor."

There is no doubt that every element of the design of plaintiff's watch was anticipated in the prior art. That, however, is not fatal to patentability of the design "if the result be a design of originality and beauty". American Fabrics Co. v. Richmond Lace Works, 2 Cir., 24 F.2d 365, 367, and the originality "is born of the inventive faculty". Krem-Ko Co. v. R. G. Miller & Sons, 2 Cir., 68 F.2d 872, 873. The invention required is "the same exceptional talent that is required for a mechanical patent". Nat Lewis Purses v. Carole Bags, 2 Cir., 83 F.2d 475, 476. The rearrangement of old elements may support a valid design patent if it required "greater skill than that exercised by the ordinary designer who is chargeable with knowledge of the prior art." General Time Instruments Corp. v. United States Time Corp., 2 Cir., 165 F.2d 853, 854; Neufeld-Furst & Co. v. Jay-Day Frocks, 2 Cir., 112 F.2d 715. While the "flash of genius" is no longer requisite, Lyon v. Bausch & Lomb Optical Co., 2 Cir., 224 F.2d 530; R. M. Palmer Co. v. Luden's Inc., 3 Cir., 236 F.2d 496, 499, the genius of the inventor rather than the talent of the adapter must be apparent in the new combination. General Time Instruments Corp. v. United States Time Corp., supra; A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99. This standard is vague and difficult to apply. Gold Seal Importers v. Morris White Fashions, 2 Cir., 124 F.2d 141, 142; Neufeld-Furst & Co. v. Jay-Day Frocks, supra. Nevertheless I find that plaintiff's design has the necessary beauty and originality born of the inventive faculty. The originality of the design must be judged by the effect of the whole rather than the history of its parts. Application of Jennings, 182 F.2d 207, 37 C.C.P.A. Patents 1023; Cf. Knickerbocker Plastic Co. v. Allied Molding Corp., 2 Cir., 184 F.2d 652, 654. Nothing produced by the prior art created an impression similar to that produced by plaintiff's design. As indicated in the discussion of the question of copyright, the effect of plaintiff's grouping of the elements of the design did create a watch with the appearance of a piece of jewelry as distinguished from a watch embellished with jewels. While immediate imitation is not proof of invention, some weight must be given to the fact that as soon as plaintiff's watch was put on the market it was followed by the outbreak of a rash of similar products, each of which created the same impression of a piece of glittering jewelry from which, with a little application, one could ascertain the time of day and which yet did not have the appearance of the conventional wrist watch. I hold plaintiff's design patent valid.

Infringement by defendant is clear. Defendant achieves the precise effect of plaintiff's watch. Gold Seal Importers v. Morris White Fashions, supra. Not only is the impression created by the two products identical but defendant embodied in its product substantially all of the elements of plaintiff's watch in substantially the same combination.

It is true that defendant, as though in a deliberate attempt to come as close as possible to plaintiff's design without infringing it, has made various modifications. Only four instead of twelve sticks are jeweled. Only one instead of two "hands" are jeweled. The central head around which the discs revolve is flat instead of shaped like the top of a rose-cut diamond. The lugs instead of being con-

ventional and wholly utilitarian are shaped like the angular noses of pliers. The inner circle is not graduated into minutes. Where, however, defendant has omitted jewels, the surface where plaintiff's product contains jewels is knurled or scored in such a way as to reflect light as would the facets of jewels, so that defendant has, like plaintiff, produced a watch which appears to be a piece of jewelry and has produced what appears to be a piece of jewelry almost identical with plaintiff's.

■ Nevertheless defendant says that there can be no infringement of a design patent unless every element of the design is present. That is too broad a statement of the law. It is true that a design patent which contains no written description of the design must be limited to substantially the pattern shown in the drawing, Ashley v. Samuel C. Tatum Co., 2 Cir., 186 F. 339. The patent in suit does no more than illustrate the watch as described in this opinion and add "I claim: The ornamental design for a watch or similar article substantially as shown". Defendant's watch is *substantially* within the disclosure by the drawing under both the rule of the Ashley case and the inventor's claim.

■ Defendant says that, even though the patent be valid and infringed, plaintiff cannot take advantage of it because of its reliance upon its claimed copyright. Defendant points to the copyright notation upon each watch that plaintiff sold and also to plaintiff's reliance upon its claimed copyright in this action and argues that the concurrent reliance upon a rejected copyright claim which later proves unfounded and upon a design patent claim ought to be discouraged by invalidating the patent as a penalty. I see nothing reprehensible about concurrent reliance upon both claims. The law as to the relationship between copyright and design patent claims is in an unsettled state, Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630, and patent counsel are to be commended in seeking for their clients protection under both heads upon the theory that protection under one or the other may be upheld by the courts.

■ Plaintiff's claim based on an allegation of unfair competition must, however, be dismissed. There is not the slightest indication that defendant did anything more than make the most of plaintiff's idea and no suggestion of deception or palming off.

■ Nor is there any evidence that plaintiff's design has acquired a secondary meaning. Plaintiff says that recovery may be had in the absence of a secondary meaning under the provisions of New York General Business Law § 368-c, subd. 3 † which provides:

"Likelihood of injury to business reputation or of dilution of the distinctive quality of a trade name or trade-mark shall be a ground for injunctive relief in cases of trademark infringement or unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services."

This New York statute gives a remedy only in the event of likelihood of injury to business reputation or of dilution of the distinctive quality of a trade name or trade-mark. No trade name or trade-mark is here involved. The only case where there would be likelihood of injury to business reputation as a result of mere imitation of the product would be where plaintiff's design would be likely to acquire a secondary meaning identifying it with plaintiff and where the public might thus be likely to identify defendant's similar product with plaintiff's. Needless to say, there has been no attempt to establish the fact that this luxury item selling for $325, in the sixteen months of its life before this action was brought has acquired, or is likely to acquire, in the mind of the public, a secondary meaning identifying it as the product of plaintiff.

† Consol.Laws, c. 20.

The counts based upon copyright and unfair competition are dismissed and judgment embodying a permanent injunction will be entered for plaintiff on the count for infringement of the design patent. This disposes of the motion for a preliminary injunction. Settle order on notice.