### DIAMOND POWER SPECIALTY CORPORATION v. BAYER CO.

#### No. 11012.

Circuit Court of Appeals, Eighth Circuit.

March 30, 1938.

George F. Scull, of New York City (Bruninga & Sutherland, of St. Louis, Mo., on the brief), for appellant.

Harry A. Beimes, of St. Louis, Mo., for appellee.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from a denial of an interlocutory injunction for the infringement of patent No. 1,416,553, issued to Claude M. Garland. The patent covered a device for blowing soot from the tubes of boilers.

A former infringement action resulted in an affirmance by this court (8 Cir., 13 F.2d 337) of a decree adjudging infringement of the Garland patent by a machine described in the opinion as the "second form." The evidence in support of the application here for a temporary injunction consisted of affidavits introduced by the plaintiff-appellant, of an expert witness who compared the present accused machine to the above "second form" and found no material differences; of other affidavits introduced by plaintiff which are not material on the issue here presented; of pages of a catalogue issued by plaintiff which were introduced by defendant; and of models of the accused device and of the above "second form," which were introduced by defendant. The trial court made several findings of fact to which no exception was taken by appellant except that part of the last finding reading as follows: "Thus, there are four operations necessary to complete the cycle of operation of the soot blower, and the

---

542

valve does not appear to be automatically operated on rotation of the blower tube."

The court concluded that because the valve of the accused device did not appear to be automatically operated in rotation of the blower tube, that the claims (15 and 16) here involved of the patent had not been shown to be infringed.

The above state of the record has caused to be presented here the one point of whether the accused device here has the automatic operation required by each of the above claims.

Claim 15 requires that the blower member shall be "operatively associated with said valve whereby the valve automatically opens and closes in synchronism with the movement of the blower member and remains open during a predetermined movement of the blower member about its longitudinal axis." An examination of the accused device seems to establish that there is no automatic connection whatsoever between the opening of the valve and the movement of the blower member. Nor is there any operative association between the valve and the blower member which keeps the valve open during a predetermined movement of the blower member. If the testimony in the affidavit of witness Ray is to be taken as true, there is an automatic connection between the two in so far, and only in so far, that at the end of the third phase in the operation the parts are restored in such a way as to automatically unlock the valve operating cam and connect that cam with the sheave wheel so that a reverse movement of the operating chain will close the valve. This one automatic feature which does not open or close or hold the valve open but merely places the mechanism in condition where a further and independent movement will close the valve is not sufficient to bring it within this claim of the patent.

Claim 16 requires "means interconnecting the operation of said valve and blower member whereby upon the operation of one of them the other will be automatically operated." The only interconnecting operation between the valve and blower member is as above stated in connection with claim 15. This one connection is not sufficient to come within the requirement of this claim "whereby upon the operation of one of them the other will be automatically operated."

The necessary conclusion, from what has been above stated, is to affirm the order denying a temporary injunction. While this is true, the trial court did not determine finally that there was no infringement but only that "From the affidavits and exhibits presented to the Court * * * infringement of claims 15 and 16 of the Garland patent has not been shown." Also, in the order denying the temporary injunction, the court stated: "Plaintiff's motion for preliminary injunction having come on to be heard on affidavits and exhibits submitted by the parties, and both counsel for defendant and plaintiff being present, and upon due consideration of the motion and opposition thereto the Court is not convinced of the fact of infringement of claims 15 and 16 of Garland Patent No. 1,416,553."

Thus, it is clear that the trial court recognized the situation that the matter of infringement had not been fully presented by testimony of witnesses and otherwise as it probably would be upon final hearing. In this situation, the court seems carefully to have refrained from finally determining the matter of infringement but, determining that matter only for the purposes of the temporary order, kept the question fully open for final and full hearing thereafter. We draw attention to this attitude of the trial court because our determination here is intended to go no farther. The purpose of a temporary injunction in a patent infringement suit is not finally to determine the rights of the parties but to protect rights pending litigation. Where infringement is not reasonably clear, no temporary injunction should issue and a trial court exercises properly its discretion when it refuses such and awaits the results of a full and final hearing. Western Elec. Co. v. Cinema Supplies, Inc., 8 Cir., 80 F.2d 106, 110–111; this Court, certiorari denied, 297 U.S. 717, 56 S.Ct. 595, 80 L.Ed. 1003; Sinko Tool & Mfg. Co. v. Casco Products Corporation, 7 Cir., 89 F.2d 916, 919; Packard Paper Box Co. v. O. B. Andrews Co., 1 Cir., 67 F.2d 783, 784; Elliott Addressing Mach. Co. v. Wallace Addressing Mach. Co., 2 Cir., 43 F.2d 949, 950. This is true even if validity of the patent has been determined in other suits so that the sole question is infringement. Elliott Addressing Mach. Co. v. Wallace Addressing Mach. Co., 2 Cir., 43 F.2d 949, and see National Elec. Products Corporation v. Grossman, 2 Cir., 70 F.2d 257. We hold merely that, upon the showing

made, infringement was not clear and, therefore, the order denying the temporary injunction was proper.

The order should be and is affirmed.