## WHITE et al. v. LEANORE FROCKS, Inc.

### No. 307.

Circuit Court of Appeals, Second Circuit.

June 4, 1941.

Charles Sonnenreich, of New York City, for appellants.

Max Nachamie, of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion for an injunction against the infringement of two design patents for women's dresses. The patents issued on December 10 and December 17, 1940, and the motion was made on January 14, 1941; there had therefore been no chance for an adjudication upon them, or for any public acquiescence in them. On the other hand the defendant cited against them no prior art or prior use; its only evidence in defence being the following passage in an affidavit of its president; "no disinterested manufacturer in the City of New York would pretend that there is anything basically new or novel in the respective garments of the plaintiff." That allegation was obviously futile, and the case therefore came on without defence of any kind. The judge thought that nevertheless the validity of the patents was not clear enough to support a preliminary injunction, and denied the motion.

■ Courts have at times held design patents invalid upon their face without any showing of invalidity by the defendant. Boldt Co. v. Nivison-Weiskopf Co., 6 Cir., 194 F. 871; Boldt Co. v. Turner Bros. Co., 7 Cir., 199 F. 139; indeed we have done so ourselves. Denton v. Fulda, 2 Cir., 225 F. 537. But in the only instance in which the Supreme Court passed upon the question, it reversed a dismissal and sent back the case for trial, although the design was certainly extremely simple. New York Belting & Packing Co. v. New Jersey Rubber Co., 137 U.S. 445, 11 S.Ct. 193, 34 L.Ed. 741. And we have very definitely announced our disapproval of so disposing of such suits except in the clearest possible cases (Elishewitz & Sons Co., Inc. v. Bronston Bros. & Co., Inc., 2 Cir., 40 F.2d 434) just as we have in the case of mechanical patents. Dubilier Condenser Corp. v. New York Coil Co., 2 Cir., 20 F.2d 723; Frank v. Western Electric Co., 2 Cir., 24 F.2d 642. The validity of a design patent depends upon the same factors as that of a mechanical patent: the condition of the art when the design was made; how long the need had existed; how nearly the art had approached the new design and when; how far the design met with popular approval and displaced other designs when it appeared. Nat Lewis Purses, Inc. v. Carole Bags, Inc., 2 Cir., 83 F.2d 475; Neufeld-Furst & Co., Inc. v. Jay-Day Frocks, Inc., 2 Cir., 112 F.2d 715. A court can seldom inform itself of these elements well enough to declare that the patent must inevitably be invalid; the only safe course is to let the action go to trial. If therefore the order had included a dismissal of the complaint we should have reversed it.

■ The judge did not, however, hold the patents invalid; he merely said that their validity was not plain enough to support a temporary injunction, and in this he was clearly right. It is true that in infringement actions it does not inexorably follow that the patentee can have no relief, pendente lite, though his patent has never been adjudicated and though the public has shown no acquiescence in it. There are exceptional cases when he may so bolster it up as to get immediate protection Boyce v. Stewart-Warner Speedometer Corp., 2 Cir., 220 F. 118 , though these are rare indeed. Rosenberg v. Groov-Pin Corp., 2 Cir., 81 F.2d 46, 48. In Nat Lewis Purses, Inc. v. Carole Bags, Inc., supra (83 F.2d 475) we did say that to meet a motion for preliminary injunction, "the defendant must make some attack upon its validity"; but that was an inadvertence and was not necessary to the decision, because we denied relief anyway. Here there were none of those added circumstances with which the patentee must fortify his case; no affirmative reason besides issuance to suppose that these patents will survive a showing of the art. The designs appear to be simple variants upon old themes, such as capable designers can turn out almost by permutation of old elements. If, as the plaintiffs say, such designs are ephemeral, they should have asked a preference upon the trial docket (indeed, we are informed that the case has already appeared upon it without preference).

We were told at the bar that this appeal has been taken to clear up doubts remaining after the decision of the Supreme Court in Fashion Originators' Guild v. Federal Trade Commission, 312 U.S. 457, 668, 61 S. Ct. 703, 85 L.Ed. ——; it is the latest, and presumably the last, effort of dress designers to get some protection against what they call the "piracy" of their designs. We fear that their hope will prove illusory; there is little chance that valid design patents

can be procured in any such number as to answer their demand. What they need is rather a statute which will protect them against the plagiarism of their designs; a more limited protection and for that reason easier to obtain if the law recognized copyright in the subject matter at all. Recourse to the courts, as the law now stands, is not likely to help them. Perhaps, if their grievance is as great as they say, Congress may yet be moved to help them; but short of that, no effective remedy seems open.

Order affirmed.