**WARSHAUER & FRANCK, Inc., v. BEL-MAR FASHIONS, Inc.**

District Court, S. D. New York.

Nov. 14, 1941.

Charles Sonnenreich, of New York City, for plaintiff.

William Seligson, of New York City (John P. Chandler, of New York City, of counsel), for defendant.

CONGER, District Judge.

These are two motions (1) to dismiss the first cause of action on the ground that the patent is invalid on its face; and (2) for a preliminary injunction based on the unfair competition alleged in the second cause of action.

The complaint contains two causes of action, the first alleging an infringement of a dress design patent No. D 119,902, and the second alleging unfair competition by the defendants in selling an alleged identical dress of the same pattern and design as plaintiff's.

■ The motion to dismiss the first cause of action because the design patent is invalid on its face is denied. The validity of the patent should be decided after trial. See White v. Leanore Frocks, 2 Cir., 120 F.2d 113, 114.

■ The application for the preliminary injunction must also be denied. The rule is well settled that where defendant by his marks, signs, labels or in other ways represents to the public that goods sold by him are those manufactured or produced by plaintiff, thus palming off his goods for those of a different manufacturer to plaintiff's injury, plaintiff is entitled to relief. See Socony-Vacuum Oil Co. v. Rosen, 6 Cir., 108 F.2d 632.

The complaint charges that the defendant "* * * has offered and continues to offer its simulating dress to buyers as the 'Eve Carver' dress, thereby deliberately attempting to capitalize on the good will and fine reputation for excellent workmanship and design established by the plaintiff.

* * * and the defendant has misled many purchasers and users of plaintiff's 'Eve Carver' dress to buy the dress sold by the defendant in the belief that they were purchasing plaintiff's product * * * ." These very material allegations in the complaint I do not find supported by any affidavits produced by plaintiff on this application. As a matter of fact, defendant sells its dress under the registered trade-name of "Bonnie Burke", while plaintiff's is sold under the registered trade-name of "Eve Carver".

The plaintiff places great stress upon the envelope pockets that appear on its dress. It argues that this is distinctive of its dress to such an extent that it has acquired a secondary meaning. From the papers before me I cannot say that this is absolutely so. My attention has been called to the use of this type of pocket on other dresses prior to the putting on the market of plaintiff's dress.

I cannot say from the papers that the dress of plaintiff has become so associated with the plaintiff in the mind of the public as to acquire a secondary meaning and cause any dress of the same appearance to be ascribed to the plaintiff as the source of production. Neither can I say, from the papers, that the defendant is palming off its product as that of the plaintiff, and this in spite of the fact that there is great similarity between the two dresses.

From the papers, I cannot conscientiously say that the plaintiff will succeed upon the trial of this action. Under these circumstances I do not feel justified in applying the preliminary and drastic remedy of an injunction.

Settle orders on notice.