### BELDING HEMINWAY CO. v. FUTURE FASHIONS, Inc.

#### No. 315.

Circuit Court of Appeals, Second Circuit.

June 13, 1944.

Charles Sonnenreich, of New York City, for appellant.

Frederick W. P. Lorenzen and Dwight, Harris, Koegel & Caskey, all of New York City (Caesar L. Pitassy, of Mount Vernon, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

## PER CURIAM.

This appeal falls exactly within our ruling in White v. Leonore Frocks, Inc., 2 Cir., 120 F.2d 113, except for the letter written by the defendant (which it apparently later recanted), in which it admitted that it had "infringed" the patent. Apparently at that time it meant to concede, not only that the dresses which it was selling were a copy of the design—indeed, there could be no dispute about that—, but that the patent was valid, or at least that it did not wish to dispute its validity. Although we agree with the judge that this was a circumstance not to be disregarded upon a motion for a preliminary injunction, we do not think that, standing alone and in the face of a later denial of validity, it was enough, not even though the grant of such an injunction lies in discretion. The defendant has been able to turn up several earlier designs, which, while they are not indeed anticipations, contain all the thematic elements of the patent. Indeed, Exhibit I contains not only these, but their combination in a fashion by no means remote from the plaintiff's design. Bands of flowers—possibly daisies, but, if not, primroses—alternate with bands of polka dots; just as in the patent bands of flowers—authentic daisies —alternate with bands of polka dots. In the patent the flowers are indeed much stylized, unlike those in the exhibit; and we do not mean that in this, and in other respects, there may not have been scope for a valid invention. But it seems to us apparent that without some more comprehensive exposure of the adjacent art, it is impossible to say how far the variations demanded aesthetic imagination out of the common. For example, it is entirely possible that the patented design was only one of many, worked out in quantity, even though they were the work of competent, and indeed highly paid, designers, as in fact they were. If that was so, and if only one of them caught the public taste, are we to say that that design showed patentable invention and none of the others did? Such fugitive popularity as fashions in dress are apt to enjoy, are often the result of caprice; it is impossible for even the most adept students of the market to tell in advance which ones will succeed, or whether any one will. Surely in such a setting success is a poor test of aesthetic achievement. In the absence of evidence that the design, which happened to hit the public fancy, was a wide departure from the past, we should not feel justified in holding the patent valid merely because of its grant.

In White v. Leonore Frocks, Inc., supra, we suggested that if these designs are so ephemeral as they are said to be, it would be reasonable to prefer their trials upon the docket, setting them down for immediate hearing as soon as issue was joined. We disclaim bias against design patents. Most of our recent decisions which appear to have led some persons to suppose that we have any, have come up, as did the case at bar, from orders on applications for relief, pendente lite. The last, Gold Seal Importers v. Morris White Fashions, Inc., 2 Cir., 124 F.2d 141, was indeed an appeal from a final judgment, declaring the patent invalid, and we affirmed it. But it is plain that we considered the issue as debatable, and, when the same patent came before us again (Gold Seal Importers, Inc., v. Westerman-Rosenberg, Inc., 2 Cir., 133 F.2d 192), we reversed a judgment dismissing the complaint and remanded the case for trial. That there may be as outstanding aesthetic invention as there is

mechanical, only barbarians would deny; but it is as difficult to form an opinion whether it has appeared in a given instance in the one case as in the other. And we have repeated over and over again that in the case of mechanical patents, the issue of invention can never be safely decided without an exploration of the whole field. Apparently what the makers of women's dresses really need is that copyright protection, which Congress has hitherto denied them.

Order reversed; motion for injunction, pendente lite, denied.