## GANTER v. UNIT VENETIAN BLIND SUPPLY CORPORATION et al.

### No. 9833.

United States District Court.
S. D. California,
Central Division.

Dec. 8, 1949.

Hamer H. Jamieson, Los Angeles, Cal., for the plaintiff.

J. George Bragin, Hollywood, Cal., for the defendants.

YANKWICH, District Judge.

The motion of the Plaintiff, filed November 16, 1949, for a preliminary injunction, heretofore argued and submitted, is now decided as follows:

The said motion is hereby denied.

#### Comment

Patent No. 2391150, issued on December 18, 1945, and the reissue, dated March 23, 1948, Letters Patent Reissue No. 22989, relate to "window drape rod hanging means". The device is rather simple and its object is to hold in place a rod on which drapes can be hung. The defendant has filed an answer in the usual "stock form" used in patent litigation, denying infringement, and charging lack of invention, unclean hands,—a form which has been constantly in use and which our courts have held repeatedly to be sufficient, without additional details, to raise the defenses referred to.

The plaintiff seeks a preliminary injunction. The brief filed in support of the motion and the oral argument stress the fact that the title of the plaintiff, not being in dispute, and the defendants having in depositions admitted validity, and having also admitted that the claims "read upon the accused structure", injunction should issue.

Courts of Appeal have warned against disposing of patent litigation summarily. Bowers v. E. J. Rose Mfg. Co., 9 Cir., 1949, 149 F.2d 612. It is not the policy of our courts to dispose, on hearings for a temporary injunction, of causes, the final disposition of which requires a trial. To grant an injunction pending suit in a patent suit is to grant to the plaintiff the most essential portion of his relief. We should not do so unless convinced that the defense is really sham.

The plaintiff in this case has filed with the motion numerous exhibits offered at the taking of depositions. By pointing to

portions of the depositions, plaintiff insists that the defendants have conceded the validity of the patents and admitted "that the claims read upon the accused device."

 In so doing, plaintiff overlooks the fundamental proposition that infringement is not a matter of words. The construction of the claims of a patent is the exclusive province of the Court. Market Street Cable R. Co. v. Rowley, 1895, 155 U.S. 621, 625, 15 S.Ct. 224, 39 L.Ed. 284. And our Court of Appeals for the Ninth Circuit has repeatedly warned us that reading a claim upon an accused device is not proof of infringement. Grant v. Koppl, 9 Cir., 1938, 99 F.2d 106, 110; McRoskey v. Braun Mattress Co., 9 Cir., 1939, 107 F.2d 143, 147; and see, Braun, Inc. v. Kendall-Lamar Corp., 2 Cir., 1941, 116 F. 2d 663.

During the examination, various witnesses were asked, in summation, the following question as to each of the claims in suit:

"So that all of the elements of Claim * * * are present in the defendants' structure, are they not?"

 We do not think that the affirmative answer of the witnesses settles this law suit. It is ultimately the province of the Court to determine whether there was infringement. The claims must be read in the light of the specifications and drawings. Highway Appliances Co. v. American Concrete etc. Co., 7 Cir., 1937, 93 F. 2d 113; Huntman Stabilizer Corp. v. General Motors Corp., 3 Cir., 1944, 144 F.2d 963, 966–967; and see my opinion in Mantz v. Kersting, D.C.Cal.1939, 29 F.Supp. 706, 712. Even a casual examination of the simple structures shows differences in construction and in scope of the accused device which only a trial on the merits can finally determine. The patented device is solely a rodhanging means. The accused device appears to be a combined rod and curtain hanging device. The accused device has an added extension in the form of an additional loop, thus accommodating rods of different sizes. The added loop also holds the rod which lays squarely between the upper loop and the bottom of the lower loop and protects the material with a pull release feature. Whether this is a mere addition which does not result in a new function, Cf. Amdur on Patents, Sec. 10; In re Angert, 17 C.C.P.A. 575, 1929, 34 F.2d 1014, or is an improvement on it not covered by the claims in suit, are questions which should not be determined upon the limited showing of a motion for a preliminary injunction. Invention over the prior art and infringement are questions of fact which require the full hearing, which only a trial on the merits can give. See, Pointer v. Six Wheel Corporation, 9 Cir., 1949, 177 F.2d 153. Hence the ruling above made.

Findings and Order to be prepared by counsel for the defendants according to Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., and Local Rule 7.