ARTMOORE CO. et al. v. DAYLESS MFG.
CO., Inc. et al.

No. 50.

United States District Court
N. D. Illinois. E. D.

July 2, 1951.

Oltsch & Knoblock, South Bend, Ind., for plaintiff.

Maurice S. Cayne, Chicago, Ill., for defendant.

LA BUY, District Judge.

██ Plaintiffs have filed a motion for preliminary injunction to restrain defendants from manufacturing and selling a mop sold under the trade-mark Kleen-Rite which is alleged to infringe on plaintiffs' mop manufactured and sold under the trade-mark New Art. As was stated in Sinko Tool & Mfg. Co. v. Casco Products Corporation, 7 Cir., 1937, 89 F.2d 916, 921:

" * * * This court in Standard Elevator v. Crane Elevator Co., 7 Cir., 56 F. 718, 719, said:

" 'The purpose of the interlocutory writ is not to conclude the question of right, but to protect against material injury pending the litigation. In patent cases, to warrant

the writ, not only must the infringement be without reasonable doubt, but the rights of the patentee must be clear. * * *

" 'It would, we think, be most unsafe to determine this controversy without full and orderly proof. * * *' " and further stated the requirements to support a temporary injunction are clear proof of infringement and defendant's inability to respond in damages.

The motion of the plaintiff is predicated upon a presumption of the validity of the patent as a result of the acquiescence of the trade, shown by affidavits where notices of infringement were honored in at least one instance and ultimately honored by consent decrees in other instances. Also there are affidavits setting out efforts to secure financial information about defendants and the failure of such efforts. In further support of the motion is the undisputed fact that defendant had been prior to the alleged wrongdoing, the exclusive sales representative of the plaintiff in a designated territory. Submitted also are exhibits of patents which are construed by patent counsel for each of the litigants in relation to the Rogers patent in suit.

In Ganter v. Unit Venetian Blind Supply Co., D.C.Cal.1949, 87 F.Supp. 338, the court said: "Courts of Appeal have warned against disposing of patent litigation summarily. Bowers v. E. J. Rose Mfg. Co., 9 Cir., 1949, 149 F.2d 612. It is not the policy of our courts to dispose, on hearings for a temporary injunction, of causes, the final disposition of which requires a trial. To grant an injunction pending suit in a patent suit is to grant to the plaintiff the most essential portion of his relief. We should not do so unless convinced that the defense is really sham." And in the Sinko case, supra, it was held that clear proof of defendants' inability to respond in damages are required to support preliminary injunction. See also Lawrence v. St. Louis Ry. Co., 1927, 274 U.S. 588, 47 S.Ct. 720, 71 L. Ed. 1219. It has also been held that mere infringement is not reasonably clear, even if the validity of a patent has been determined in other suits, no temporary injunction should issue, and a trial court exercises properly its discretion in refusing it to await the results of a full and final hearing. Diamond Power Specialty Corp. v. Bayer Co., 8 Cir., 1938, 95 F.2d 541.

 For the above reasons, the court is of the opinion the plaintiff's motion for preliminary injunction should be denied. An order in accord therewith has this day been entered.