PACIFIC CAGE & SCREEN CO., a corporation, Pet Dealers Supply Company, a corporation, Merchants Pet Supply Company, a corporation, and John Middelkoop, Appellants,

v.

CONTINENTAL CAGE CORPORATION, Appellee.

No. 15454.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1958.

Supplemental Opinion May 5, 1958.

Hazard & Miller, Allan D. Mockabee, Fred H. Miller, Los Angeles, Cal., for appellant.

Thomas P. Mahoney, Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court granting a preliminary injunction against defendants in a suit charging them with infringement of a design patent for a bird cage. The record presently before us does not indicate that the appeal is properly taken.

The patent in suit, United States Letters Patent No. Design 177,326, issued to Sidney Herman for "Bird Cage." The patent was granted April 3, 1956. This action was filed June 22, 1956. Motion was made based upon affidavits for preliminary injunction concurrently with the filing of the complaint. Hearing was had on affidavits and exhibits without oral testimony so far as the record before this Court shows. Preliminary in-

junction issued October 5, 1956, nunc pro tunc as of August 31, 1956. Findings of fact and conclusions of law were filed September 27, 1956. No docket entry showing date of the preliminary injunction appears. Appeal was taken October 2, 1956, from the minutes of the Clerk, dated September 13, 1956, which state that the "order of July 31, 1956 allowing issuance of Preliminary Injunction, to stand, after hearing motion of defendants and objections thereto on September 10, 1956." There was a bond for $1,000.00 ordered to be put up by plaintiff on granting the injunction, but the record does not show this was ever done. A bond of $250.00, for costs on appeal, was put up by defendants, and a bond of $1,000.00 was allowed by the court as a supersedeas.

█ This is shadow boxing at its best. From the record it does not appear whether the bond for $1,000.00 was posted by plaintiff. The order nunc pro tunc as of August 31, 1956, granting the preliminary injunction, was not effective until it was posted. There is no method of telling what is the order appealed from. There are several possibilities, July 31, August 31, September 10, September 13 or October 5. There is a question whether the findings and conclusions filed September 27 are part of the order. There is no direction that these be applied to the preliminary injunction order. Nor are these mere technicalities. An appellate court is entitled to discover from the record just what the questions before it are.

The cause must be held in abeyance until appropriate amplifications of the record are made. If there is a docket entry on September 10 or September 13, reciting the issuance of a preliminary injunction, the appeal will be in effect. If not, and there is such a docket entry on October 5, 1956, the appeal was premature. If an appropriate record can be filed appellant will print and serve the appropriate entries. If not, the appeal must be dismissed.

We cannot but animadvert upon the waste of time in filing of this appeal. Instead of attempting to try this case upon affidavits as to whether a preliminary injunction should issue with nominal bond, the case should have been disposed of on the merits. Surely these issues could have been tried and decided finally in the sixty days in which it took to get the cause argued before this Court. Where a preliminary injunction has been issued, the requirements of Rule 65 of the Federal Rules of Civil Procedure, 28 U.S. C.A., must be satisfied. It is the custom to give such cases right of way upon court calendars.

█ Furthermore, this appeal, at this stage of the proceedings, attempts to throw upon this Court the burden of deciding the case on the merits without benefit of the findings of the trial judge upon evidence. See Hycon Manufacturing Company v. H. Koch & Sons, 9 Cir., 219 F.2d 353; Sims v. Greene, 3 Cir., 161 F.2d 87. Generally speaking, no preliminary injunction will be granted unless the patent is valid and infringed beyond question and the record conclusively proves the defense is sham. Leavitt v. McBee Co., 1 Cir., 124 F.2d 938; Sinko Tool & Manufacturing Co. v. Casco Products Corporation, 7 Cir., 89 F.2d 916; Ganter v. Unit Venetian Blind Supply Co., D.C., 87 F.Supp. 338. If validity has been adjudicated or there is shown to be acquiescence therein by the public and irreparable injury is proved the matter is generally in the discretion of the trial court. See Ross-Whitney Corporation v. Smith Kline & French Laboratories, 9 Cir., 207 F.2d 190. But disputed questions of fact should be left for final hearing. The record presently before this Court shows no satisfactory findings of fact upon these vital matters. The principles which have been noted above are applied in litigation relating to design patents. Belding Heminway Co. v. Future Fashions, 2 Cir., 143 F.2d 216; White v. Leanore Frocks, Inc., 2 Cir., 120 F.2d 113; Sim-

son Bros. Inc., v. Blancard & Co. 2 Cir., 22 F.2d 498.

Supplemental Opinion

By opinion filed February 28, 1958, this Court said:

"If an appropriate record can be filed, appellant will print and serve the appropriate entries. If not, the appeal must be dismissed."

Since no action has been taken by appellants within a reasonable time, the appeal should be and is hereby dismissed.