**INTERNATIONAL SILVER CO.,**
Plaintiff-Appellee,

v.

**Julie POMERANTZ, Defendant-Appellant.**

No. 313, Docket 25596.

United States Court of Appeals
Second Circuit.

Argued May 14, 1959.

Decided Oct. 7, 1959.

---

John P. Chandler, New York City, for defendant-appellant.

Leslie D. Taggart, New York City (Watson, Leavenworth, Kelton & Taggart and John T. Kelton, New York City, M. Taylor Mayes, Meriden, Conn., on the brief), for plaintiff-appellee.

Before SWAN, HINCKS and MOORE, Circuit Judges.

HINCKS, Circuit Judge.

This is an action brought for the infringement of United States Patent Design No. 176,601 by the plaintiff as assignee of Doerfler, the designer. The defendant, by answer and counterclaim, asserted that the patent was invalid and not infringed. The judge below decided both issues in favor of the plaintiff and this appeal followed.

The subject of the patent is an "ornamental design for a spoon or other similar article of flatware." The salient feature of the design is the shape of the handle which, from a front view, widens out from the bowl to reach its maximum width at about the middle of the shaft and in its upper half or third simultaneously tapers in width and swirls to one side (to the right, as shown in the patent), somewhat as a wave about to break in the surf. As a result of this feature, the two side outlines of the handle, though asymmetrical, each comprise a graceful reverse curve. And the suggestion of a wave is accentuated by fluting in the upper third of the handle on its (right) side which gives the effect of the cavity which forms beneath the crest of a gathering breaker. Items of ornamentation at the bottom of the shaft somewhat accentuate the swirl of the shaft and bring the curve of the bowl into graceful harmony with the reverse curve of the shaft but in themselves seem not to be a distinctive variation from the prior art.

The patent in suit issued on January 10, 1956 on an application filed November 23, 1954. Flatware of the design under the trade name of "Flair," was put on the market by the plaintiff in January 1955 and with the aid of extensive advertising in 1955 was a substantial commercial success. Thereafter, in the spring of 1956, defendant's chief executive, who with his brother owns and controls the wholesale flatware business carried on by the defendant, went abroad and in Germany bought flatware of the accused design, known as "Roma," which was imported in August 1956 and went on sale shortly thereafter. The "Roma"

design, like the "Flair," has sides of asymmetrical outline tapering and swirling to the right at the top of the handle with fluting along the right side. The ornamentation at the junction of the shaft and bowl was similar but not identical. The plaintiff's notice of ownership was sent to the defendant in December 1956 and its complaint was filed in that month.

■ We thoroughly agree with the appellant that "a design patent must be the product of invention if it is to be found valid * * *" and that "it will not suffice merely to show that the design is novel, ornamental, or pleasing in appearance * * *" It must also reveal a greater skill than "that exercised by the ordinary designer who is chargeable with knowledge of the prior art." General Time Instruments Corp. v. United States Time Corp., 2 Cir., 165 F.2d 853, 854. See also Gorham Mfg. Company v. White, 14 Wall. 511, 20 L.Ed. 731; Gold Seal Importers, Inc. v. Morris White Fashions, 2 Cir., 124 F.2d 141; Neufeld-Furst & Co., Inc. v. Jay-Day Frocks, Inc., 2 Cir., 112 F.2d 715; American Fabrics Co. v. Richmond Lace Works, 2 Cir., 24 F.2d 365;[1] Dominick & Haff v. R. Wallace & Sons Mfg. Co., 2 Cir., 209 F. 223;[1] Whiting Mfg. Co. v. Alvin Silver Co., 2 Cir., 283 F. 75, certiorari denied 260 U.S. 731, 43 S.Ct. 93, 67 L.Ed. 486;[1] Graff, Washbourne & Dunn v. Webster, 2 Cir., 195 F. 522;[1] R. Wallace & Sons Mfg. Co. v. Ellmore Silver Co., D.C.Conn., 91 F.Supp. 703.[1]

■ The defendant, we hold, failed to prove that the patent in suit did not have the requisites of patentability. Concededly, the flatware prior art contained some three thousand design patents. The defendant, from this number, selected twenty-one design patents as the most pertinent to the patent in suit, which it put in evidence. These we have carefully scrutinized and find not one which

gives the effect of the asymmetrical swirling contours combined with the flutings disclosed by Doerfler's "Flair." And the defendant in this case, unlike the defendant in Gold Seal Importers, Inc., supra, put in evidence not a single design from the prior unpatented art. Assuming, as we must, that the prior art patents in evidence, which the defendant has culled from the vast prior art, illustrate the general level of skill in design in this field, consistent with the authorities cited above we think the judge below did not err in his conclusion that the design in suit was not only novel, original and of genuine artistic merit but also so striking and so arresting in the effect produced as to attest the presence of a creative skill surpassing that of a routineer.

■ Our conclusion, reached as just stated, is supported by the great preponderance of expert testimony in the case. In this connection we do not overlook the inconclusiveness of expert testimony to which Judge Clark called attention in his dissenting opinion in Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., Inc., 2 Cir., 260 F.2d 637, 643. However, this court has held that in patent cases the device of a summary judgment may not be used to preclude the use of expert testimony from those skilled in the relevant art. Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., Inc., supra. Cf. Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 181 F.2d 315, 319. Such decisions necessarily import that expert testimony in patent cases is not so subject to a generic defect as to be completely worthless. We think that in the patent field (as in other fields such as that of real estate valuation) the weight to be accorded expert testimony depends not only on the qualifications of the witnesses and the usual hallmarks of credibility, but also in large part upon the

1. In these cases, the trial court held a design patent to be valid and infringed. The decree was affirmed in Dominick & Haff, and in Graff, Washbourne & Dunn. The decree was reversed but solely on the issue of infringement in American Fabrics Co., and in Whiting Mfg. Co., in opinions which indicated a view that the patent was valid.

reasonableness of the relationship between their opinions and the bases on which they are stated to exist. By these standards the judge below might well conclude that the predominance of expert opinion supported the validity of the patent in suit. After all, of the defendant's two experts one was not even asked to compare the design in suit with the prior art. And its other expert, after testifying to an alleged lack of similarity between the defendant's accused design and the design in suit, on cross-examination said of the design in suit, as compared with various prior art patents upon which the defendant relied to support its claim of invalidity, that it had "no resemblance," was "quite remote," "completely different." The net effect of his testimony for its impact on the issue of validity was that the plaintiff's design was distinctively different from the prior art.

The defendant further contends that the patent is invalid because of alleged public use or knowledge as early as October 1953, relying on 35 U.S.C.A. § 102(b). To support this contention the defendant points to the finding below which rested on undisputed evidence that in October 1953, in order to make a preliminary test of the customer-appeal of its "Flair" design, the plaintiff caused its advertising agency to make a survey under which photographs of the only then existing embodiment of "Flair" together with photographs of flatware of several other designs were shown to about 100 persons selected as representative of the purchasing public by agency interviewers who elicited, recorded and reported to the plaintiff the preferences expressed. These photographs remained in the possession of the plaintiff's agents throughout the survey and were returned to the plaintiff at its completion. There was no evidence whatever of any sale before the application was filed. We fully agree with the judge below that the mere exhibition of the "Flair" photograph for the purposes of the survey did not constitute "use" of the design by the public or even those members of the public to whom it was exhibited. Watson v. Allen, 103 U.S.App.D.C. 5, 254 F.2d 342, on which the defendant relies, is not to the contrary.

In the context of this case, like the judge below, we think the evidence of the most pertinent prior art was proof enough to justify the inference that "Flair" was the product of patentable invention. For this conclusion it is not necessary to rely either on expert testimony or on the commercial success of the patented design. However, both these factors impress us, as apparently they did the judge below, as having at least some confirmatory weight. We hold the patent valid.

In his finding of infringement also, we think the trial judge was right. The test, of course, is the resultant effect of the whole design on the eye of an untutored purchaser as compared with the effect of the accused design. This is the test laid down in Gorham Mfg. Company v. White, supra; this test has been consistently followed by this court as the cases above cited show. It is true that there are slight differences in the accused design. In both the ornamentation at the junction of shaft and bowl consists principally of a leaf resembling an acanthus leaf. In "Flair" the leaf has its base at the bowl and swirls upward across the face of the shaft: in "Roma" a similar leaf is inverted and swirls downward across the face of the shaft. And "Flair" has an additional, shorter, leaf which surmounts the bowl which is wholly omitted in "Roma." But clearly these slight differences in ornamentation are too slight under the applicable test to make the unitary designs distinguishable in view of the close similarity of the major features of the design. On brief the defendant relies almost wholly on the opinion of his experts to support his defense of noninfringement. But plainly that testimony did not impress the trial judge. Nor does it us.

Affirmed.

SWAN, Circuit Judge (concurring).

In recent years this court has sustained few design patents. Were I sitting alone, I should be disposed to hold that the design of the patent in suit does not differ sufficiently from the prior art—particularly Patent Des. No. 167,490 to Van Koert and Patent Des. No. 172,006 to Conroy et al.—to establish that "invention" was required to create it. But what is "invention" in a design is a matter upon which one can seldom reasonably hold a dogmatic opinion. My brothers are satisfied that the patent in suit is valid. While not free from doubt, I am willing to concur in their judgment.