**G. B. LEWIS COMPANY et al.,
Plaintiffs-Appellants,**

v.

**GOULD PRODUCTS, INC., Defendant-
Appellee.**

**Nos. 159–162, Dockets 33299–33302.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 29, 1970.

Decided Jan. 12, 1971.

---

James G. Staples, Chicago, Ill. (Parker, Carter & Markey, Chicago, Ill., Joseph D. Garon, William A. Victor, Brumbaugh, Graves, Donohue & Raymond, New York City, of counsel), for plaintiffs-appellants.

Edward B. Hunter, New York City (Nolte & Nolte, New York City, of counsel), for defendant-appellee.

Before MOORE, FRIENDLY and ADAMS,[*] Circuit Judges.

FRIENDLY, Circuit Judge:

Plaintiff G. B. Lewis Company [1] manufactures and markets, under the trade name Plastibox, a line of plastic bins, whose design as a "combination storing and stacking case," is allegedly covered by United States Design Letters Patent No. 191,144, issued to Gunter Schanz.[2] It brought an action for patent infringement in the District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1338 and 1400 and 35 U.S.C. §§ 271, 281, against Gould Products, Inc., which also produces a line of plastic bins, marketed under the trade name Duralene. The district court granted defendant's motion for summary judgment on the grounds that plaintiff's patent was invalid both for lack of invention and because Schanz had applied in Germany for registration of the storing and stacking case as a "Gebrauchsmuster" on April 26, 1958 and also as a "Geschmacksmuster" on May 27, 1958, more than six months before his application in the Patent Office, 35 U.S.C. §§ 102(d) and 172, and also for lack of sufficient similarity between the plaintiff's patent (which was argued to differ from the articles being marketed) and the accused products to support the claim of infringement. G. B. Lewis Co. v. Gould Products, Inc., 297 F.Supp. 690 (E.D.N.Y.1968). Plaintiff appealed, challenging each of the court's determinations. We hold that Judge Dooling properly found lack of invention and therefore affirm the judgment, without reaching the other grounds which he held would also require it.

Plaintiff's storing and stacking case is a rectangular plastic box, open at the top, with an extended and slightly raised frontal portion which reaches about half the height of the side and rear walls. The frontal portion, which forms a wedge-shaped inverted pocket on its underside providing a convenient drawer-pull or fingerhold, terminates in a flattened oblong band containing a frame molded to accommodate a slide-in label. The top edges of the side and rear walls are crimped outward, producing a banding effect around the top. Vertical ribs are located along the outside of the side and rear walls.

Under 35 U.S.C. § 171, "any new, original and ornamental design for an article of manufacture" is patentable if it also satisfies the other provisions of Title 35 for the granting of patents,

---

[*] Of the Third Circuit, sitting by designation.

[1] Mettallwerke Saar, a German corporation, Gunter Schanz Plastipol Kommanditgesellschaft, a German limited partnership, and Gunter Schanz, a citizen of Germany, were joined as nominal plaintiffs in order to remove any question with respect to G. B. Lewis's title to the patent.

[2] The patent was issued on August 15, 1961 upon Schanz's application filed June 17, 1959. Although G. B. Lewis's title to the patent, which it claimed through a series of assignments, was initially challenged, the issue disappeared when it joined all persons, natural or juristic, who at any time held an interest in the patent. See fn. 1 *supra*.

with exceptions not here relevant. One such provision is 35 U.S.C. § 103 which denies patentability when

> the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. * * *

In Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966), the Supreme Court stated that this provision, added in 1952, 66 Stat. 798, "was intended merely as a codification of judicial precedents embracing the *Hotchkiss* condition, with congressional directions that inquiries into the obviousness of the subject matter sought to be patented are a prerequisite to patentability."

■ The determination required by *Hotchkiss*,[3] elusive in any case, is particularly so with respect to a design patent. We have frequently indicated that the requirement of invention is not met by a design which is merely "new and pleasing enough to catch the trade"; rather we have insisted that the design reflect "some exceptional talent beyond the skill of the ordinary designer," Neufeld-Furst & Co. v. Jay-Day Frocks, Inc., 112 F.2d 715, 716 (2 Cir. 1940), or "inventive genius," A. C. Gilbert Co. v. Shemitz, 45 F.2d 98, 99 (2 Cir. 1930). We have noted that in view of this "[t]o obtain a valid design patent is exceedingly difficult." Chas. D. Briddell, Inc. v. Alglobe Trading Corp., 194 F.2d 416, 419

(2 Cir. 1952). It is with these principles in mind that we approach the district court's determination that plaintiff's Schanz patent is invalid for want of the novelty, originality, and ornamentality required by 35 U.S.C. § 171 and the nonobviousness required by 35 U.S. C. § 103.[4]

The district court relied on four references—three of which were cited by the patent office on the original application —in finding that all but one of the essential elements of the Schanz patent were anticipated by prior art. Schultz and Woods exhibited the banding effect on the top of Schanz' box; Salome and Shaw revealed the front half wall; and the only other element worthy of mention—the flattened front band carrying the label frame—was found to be "immediately obvious from conventional index drawer design and drawerpull design, and * * * wholly wanting in ornamental ingenuity." 297 F.Supp. at 695.

■■ While plaintiff complains that the prior art does not precisely anticipate the Schanz design, as, indeed, the district court conceded, 297 F.Supp. at 695, its more serious contention is that, acknowledging the possibility that a patent may be invalidated by a combination of references, in this case the piecemeal application of known features from the prior art reflects the clear vision of hindsight rather than the application of existing knowledge by a skilled craftsman. It argues that nothing in the prior art produced the overall ornamental unity reflected in the predominance

---

3. Hotchkiss v. Greenwood, 52 U.S. (11 How.) 248, 266, 13 L.Ed. 683 (1851).

4. The district court opinion stated:
   The differences of Schanz are functional, and the differences in appearance, flowing from the different mechanical arrangement of the elements of the Schanz box, are not marked by any unobvious advance in ornamental effect either in overall configuration or in applied decoration (35 U.S.C. § 103).
   297 F.Supp. at 695. We limit our consideration of novelty and nonobviousness,

however, to the second branch of the above conclusion, i. e., the question whether the patent was properly determined to have been anticipated by prior art. We express no opinion with respect to the conclusion that the claimed advances were purely functional in character and thus independently deprived of design patentability under 35 U.S.C. § 171. See Hygienic Specialties Co. v. H. G. Salzman, Inc., 302 F.2d 614, 618 (2 Cir. 1962).

of straight clean lines and right angles such as may be found in its storing bin. Assuming, however, that the prior art did not embody in every detail plaintiff's self-styled "square shoulder" design concept, we find no fault with Judge Dooling's conclusion that the Schanz design cannot be considered an *unobvious* ornamental advance over prior art structures, in light of the fact that the essential elements of plaintiff's box were anticipated by the references noted above. As this court said in Blisscraft of Hollywood v. United Plastics Co., 294 F.2d 694, 696 (2 Cir. 1961):

> Reference to the prior art discloses that plaintiff's pitcher is a combination of features of containers which were well known before plaintiff's production was begun. Of course, the mere fact that a person has utilized in combination a number of elements which severally were well known will not defeat the patentability of the combination. * * * But the utilization of old elements in combination must represent an exercise of inventive skill and creative talent beyond that of the ordinary designer chargeable with knowledge of the prior art. * * * What plaintiff did amounted to nothing more than an unstartling regrouping of old elements which demonstrated no originality born of inventive faculty. This is not enough.

■■ Plaintiff argues that, however all this might stand after a trial in which it would have had opportunity to present expert testimony, summary judgment on the issue of invention was improper because of the alleged existence of genuine issues of material fact, F.R.Civ.P. Rule 56. It points to such matters as the scope of the prior art, the extent of the differences between the designs in the prior art and the patented design, and the level of ordinary skill in the art.

These assertions would have more force if we were dealing with a complex technical achievement whose inventive characteristics would only rarely be susceptible of accurate judicial appreciation without the elucidation that expert testimony presumably provides. But here we are dealing with a design patent whose essential claim lies in the originality of the visual impression it creates. Application of McKay, 316 F.2d 952, 954, 50 CCPA 1257 (1963); Rains v. Niaqua, Inc., 406 F.2d 275, 276 (2 Cir.), cert. denied, 395 U.S. 909, 89 S.Ct. 1751, 23 L.Ed.2d 222 (1969). In such a case, while expert testimony may well aid a judge in refining his sense impressions, the function filled by such testimony in more technical matters can generally be satisfactorily discharged by the arguments of such able counsel as represented the parties here. As we pointed out not long ago in a case involving facts comparable in lack of complexity to those of the instant case:

> Appellant suggests that the summary judgment motion should not have been granted without the taking of testimony from experts in the pertinent area of knowledge. We agree, however, with the court below that the three-piece plastic towel rack patented by Mayer when combined with integral molded-in polypropylene plastic hinges to make the Monahan one-piece plastic towel rack did not create a patentable invention for the resulting device would have been obvious to persons having ordinary skill in the plastics molding industry, and would even have been obvious to ordinary laymen of modest intelligence. Under these circumstances the court had no need for expert testimony in order to examine the nature of the prior art or the level of skill in the relevant industry. Therefore summary judgment was properly granted * * *.

Monaplastics, Inc. v. Caldor, Inc., 378 F. 2d 20, 21 (2 Cir. 1967). Similarly, in C-Thru Products, Inc. v. Uniflex, Inc., 397 F.2d 952, 955 (2 Cir. 1968), a case, involving handle and closure devices for plastic bags, in which "the prior art and the patent claims [were] not complex and [were] easily understandable with-

out expert aid," we ruled that "it truly would be 'an absurd waste of time and effort' to deny summary judgment." We are not persuaded that summary judgment on the issue of invention was any less appropriate here.

We thus find it unnecessary to discuss or decide whether the district court was correct in concluding that even if the necessary inventiveness existed, the patent was nevertheless invalid because of the registrations in Germany and that summary judgment was also warranted on the basis of noninfringement.

The judgment is affirmed.