**WILLIAM HODGES & CO., INC.,**
Plaintiff,

v.

**STERWOOD CORP., Defendant.**

**Civ. A. No. 68 C 329.**

United States District Court,
E. D. New York.

Sept. 26, 1972.

Henry L. Burkitt, Jamaica, N. Y., and Caesar, Rivise, Bernstein & Cohen, by Alan H. Bernstein, Philadelphia, Pa., for plaintiff.

Charles Sonnenreich, New York City, for defendant.

## MEMORANDUM OF DECISION

NEAHER, District Judge.

This is an action by William Hodges & Co., Inc., a Pennsylvania corporation, against Sterwood Corporation, a New York corporation, for alleged infringement of United States Design Patent No. 209159 issued November 7, 1967 to Sol Kessilman, Hyman B. Penn and Milton Kravitz for a period of fourteen years (hereinafter "Hodges patent"). All right, title and interest to the patent was assigned by the inventors to Green Valley Products, Inc. on March 22, 1968.[1] The case was tried before the

---

1. The action was commenced on April 3, 1968 by Green Valley Products, Inc., a Pennsylvania corporation. On July 21, 1971 Green Valley merged with William Hodges & Co., Inc., the surviving corporation. On March 2, 1972 William Hodges & Co. was substituted as plaintiff.

court on the issues of validity and infringement. For the reasons set forth below the court finds for the defendant on both issues.

## VALIDITY

The Hodges patent is a design patent for a silver washing basket. Such a basket is used in the restaurant trade to hold soiled silverware in an upright position while passing through an automatic dishwasher. The basket is designed to fit in a dishwashing rack which in turn is placed in the washing machine. After completion of the cleansing process the silver is retained in the removable basket until needed for service of restaurant patrons.

35 U.S.C. § 171 governs the issuance of design patents. It reads:

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

By virtue of the last sentence 35 U.S.C. § 103 is made applicable to design patent applications. It reads:

A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

In Graham v. John Deere Co., 383 U. S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966), the Supreme Court clarified the application of this section.

Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined.

The Hodges basket consists of a unitary, one-piece design for a plastic silver washing basket. The basket, rectangular in shape, is divided into eight compartments and is approximately 5″ in depth. The sides, ends and bottom of the basket are of a latticework nature. The handles, part of the single mold design, are placed on a 5% slant and protrude about 1¾″ above the end wall. They consist of two vertical poles connected by a horizontal bar containing four chambers in its top. This design leaves an opening of one inch between the bottom of the horizontal bar and the top of the end wall of the basket. The end walls are recessed approximately ¾″. The side walls are also slightly indented and molded into the handles so as to form an arcuate or bow shaped design.

The prior art in the trade consists of the Maslow basket, holding Design Patent No. 204076, and the Plastisol silver rack manufactured by the plaintiff since 1960 (Pl.Exh. 6, p. 19). The Maslow basket has a rectangular boat shaped design, latticework sides and end walls of solid plastic. It consists of eight compartments and has slanted handles. However, it is not constructed from a single mold. Two sections, each containing four compartments, are riveted together to form the basket. The handles, not a molded part of the plastic basket, are formed in part by metal slats riveted to the ends of the side walls of the basket. A unit consisting of two vertical poles 5″ in height, connected by a horizontal bar, is attached to the metal slats to complete the handle. The unit is fastened in such a manner as to permit it to stand upright for carrying purposes or to be lowered to the bottom of the end wall when placed in the washing machine.

The Plastisol basket, rectangular in shape, is constructed of wire mesh coated with plastic. It has eight compartments and attached handles protruding above the end walls of the basket. Al-

though not manufactured by use of a single mold, as is the wholly plastic Hodges basket, its latticework sides, ends and bottom present a unitary design.

The inventors of the Hodges basket applied for a design patent on March 7, 1966. The Patent Office, after considering the prior art, principally the Maslow basket, rejected the design as being within the ordinary skill of an industrial designer. After consultation between the Patent Examiner and inventor's counsel the application was reconsidered and the design patent granted on November 7, 1967.[2]

Plaintiff asserts its basket has nine novel features which distinguish it from the prior art and as such "the subject matter as a whole would [not] have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. They are: (1) unitary design; (2) slanted handles; (3) boat shaped silhouette; (4) arcuate design in the side walls; (5) depressed ends; (6) pleasant relationship between length and height; (7) openings of proper size in the side of the basket; (8) chambers in the top of the handles; and (9) an opening between the top of the end wall and the bottom of the handle. (Pl. Post-trial Br., p. 8).

The unitary appearance of plaintiff's basket was partially achieved by forming its eight-compartment structure from a single mold rather than by riveting together two four-compartment sections. This look is enhanced by substituting latticework ends for the solid plastic ends of the Maslow basket. The ends of the Hodges basket are clearly anticipated in the latticework sides of the Maslow basket. As such they can be considered neither novel nor nonobvious. Furthermore the overall unitary design, while perhaps not present in the Maslow basket, is evidenced in the totally latticework design of the Plastisol basket previously manufactured by the plaintiff.[3]

Items 2, 3, 6 and 7 are clearly visible in the Maslow basket. The handles, though riveted to the unit, are placed on a distinct slant. The silhouette is clearly boat shaped. The relationship between the inside depth and length of the two baskets is nearly identical. Nor is there a significant difference between the latticework sides of the two baskets. Certainly all of these elements must be considered obvious to a person having ordinary skill in the art of industrial design.

Items 4 and 5, the arcuate design and the depressed ends, are neither wholly unanticipated in the Maslow basket nor unobvious to a person having skill in the art. Indeed the latticework sides of the Maslow basket are slightly indented with the top of the wall forming an outwardly protruding lip. The indentation and lip on the plaintiff's bas-

---

2. Defendant asserts non-infringement may be based on the principle of file wrapper estoppel. To support this contention he cites the discussion between applicant's counsel and the Patent Examiner evidenced by a letter contained in the file wrapper. The letter shows re-evaluation of the claim was based on inventor's counsel persuading the examiner that the latticework ends and the chambers in the handles of the Hodges design represented an improvement over the prior art worthy of a patent. This is not sufficient to support file wrapper estoppel which ". . . result[s] when an applicant abandons or narrows his claims in order to obtain a patent . . .", Delamere Company v. Taylor-Bell Co., 249 F.Supp. 471, 478, fn. 4 (S.D.N.Y.1966). Such is

not the case here and the court will look at counsel's arguments no further than to learn ". . . whether a patentee who seeks to disavow an element of his claim, was forced to introduce it in order to avoid rejection." Catalin Corporation of America v. Catalazuli Mfg. Co., Inc., 79 F.2d 593, 595 (2 Cir. 1935).

3. Concededly the method of single mold construction was not anticipated in the manufacture of the prior art. But in considering the validity of a design patent the method of production is irrelevant. See Blumcraft of Pittsburgh v. Citizens & Southern National Bank of South Carolina, 407 F.2d 557, 560 (4 Cir. 1969); Harmon Paper Co. v. Prager, 287 F. 841, 843 (2 Cir. 1923).

ket may thus be seen in the prior art. The sole distinction is the blending of the side walls into the handles to form the arcuate design. This may be aesthetically pleasing but it is not sufficient " . . . merely to show that the design is novel, ornamental, or pleasing in appearance." International Silver v. Pomerantz, 271 F.2d 69, 71 (2 Cir. 1959). Rather in order to satisfy the requirement of nonobviousness it must " . . . reflect 'some exceptional talent beyond the skill of the ordinary designer' . . . ." G. B. Lewis Company v. Gould Products, Inc., 436 F.2d 1176, 1178 (2 Cir. 1971) citing Neufeld-Furst & Co. v. Jay-Day Frocks, Inc., 112 F.2d 715, 716 (2 Cir. 1940). See Hygienic Specialties Co. v. H. G. Salzman, Inc., 302 F.2d 614, 617 (2 Cir. 1962).

The remaining factors, the chambers in the top of the handles and the opening above the end wall, are a description of the design of the basket's handles. Each handle consists of two vertical poles protruding 1¾″ above the ends of the basket. They are joined by a horizontal bar, ¾″ thick, leaving an opening of 1″ between the bottom of the handle and the top of the end wall of the basket. This opening permits a person to insert his hand easily and obtain a firm grip on the basket. It differs from the handle on the Maslow basket in that it is plastic, rigid, contains four chambers in its top and extends six inches less above the end wall of the basket. Aside from the chambers the design of the handle is common to that seen on numerous items including luggage and typewriter cases. It is " . . . immediately obvious . . . and . . . wholly wanting in ornamental ingenuity. . . ." G. B. Lewis Company v. Gould Products, Inc., 297 F.Supp. 690, 695 (E.D.N.Y.1968).

Although it might be argued that every detail of the Hodges basket is not anticipated in the prior art, it cannot be said the design of the basket was unobvious to an industrial designer possess-ing ordinary skill in his trade. All the essential elements of plaintiff's basket are seen in the Maslow and Plastisol baskets and, in the case of the handles, numerous containers and trays used for carrying implements.

■ It is settled law that a combination of previously known elements will not necessarily prevent patentability of the new product. However, the Supreme Court has cautioned the courts to " . . . scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements." Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950). And "[i]ndeed the standards are, if anything, stricter for combinations of design elements." Rains v. Niaqua, Inc., 406 F.2d 275, 279 (2 Cir. 1969), cert. denied 395 U.S. 909, 89 S.Ct. 1751, 23 L.Ed.2d 222 (1969); see also Lemelson v. Topper Corporation, 450 F.2d 845 (2 Cir. 1971); Continental Can Co. v. Old Dominion Box Co., 393 F.2d 321, 326 (2 Cir. 1968). "[T]he utilization of old elements in combination must represent an exercise of inventive skill and creative talent beyond that of the ordinary designer chargeable with knowledge of the prior art." Blisscraft of Hollywood v. United Plastics Co., 294 F.2d 694, 696 (2 Cir. 1961).

■ In light of the Second Circuit's admonition that "[t]o obtain a valid design patent is exceedingly difficult", Chas. D. Briddell, Inc. v. Alglobe Trading Corp., 194 F.2d 416, 419 (2 Cir. 1952), and the rule that " . . . a design is not patentable merely because it can be distinguished in appearance from the prior art", Ames Shower Curtain Co., Inc. v. Heinz Nathanson, Inc., 67 Civ. 4884, p. 7 (S.D.N.Y. March 24, 1971), the court must conclude that plaintiff's design patent is invalid for lack of the nonobviousness required by 35 U.S.C. § 103.[4]

4. Plaintiff relied heavily on the statutory presumption of validity. This presump-tion " . . . has no independent evidentiary value; rather, it serves to place

## INFRINGEMENT

As said by Judge Dooling in G. B. Lewis Company v. Gould Products, Inc., *supra,* 297 F.Supp. at 696:

The test of infringement for a design patent remains what it has been since Gorham Mfg. Co. v. White, 1871, 81 U.S. (14 Wall) 511, 528, 20 L.Ed. 731, that is, "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

Defendant's silver washing basket is rectangular, boat shaped and also constructed entirely from a single piece of plastic. It has eight compartments, latticework sides and plastic handles at each end of the unit. Concededly its dimensions are nearly identical to the plaintiff's basket. Both the end and side walls are recessed; the latter are also molded in such fashion as to form the arcuate design first seen on plaintiff's basket. However, there are marked differences in the features relied on most heavily by plaintiff to distinguish his product from the Maslow basket.

The end walls of defendant's basket are solid, not latticework, and as such greatly subtract from the plaintiff's concept of the unitary design observable in its basket. Also the design of the handles on defendant's basket is radically different from that of the plaintiff's. The vertical portions at each end are placed on a slant, protrude above the top of the basket and are connected by a horizontal bar. The end walls also extend above the top of the basket and are attached to the horizontal connecting bars. This eliminates the one-inch opening between the bottom of the handle and the top of the end wall found on the Hodges basket. Finally the four chambers visible on top of the Hodges handle are lacking on defendant's. Rather the horizontal connecting bar is constructed of solid, rounded plastic with the four chambers, used to grip the handle, tucked beneath. They are not visible when viewing the basket from the side, end, or top.

█ Recognizing the principles that "[a]ppearances of designs are to be judged by synthetic observation, rather than by analytic inspection", 2 Deller's Walker on Patents § 179, at 830 (2nd ed. 1964), and "[t]he test, of course, is the resultant effect of the whole design on the eye of the untutored purchaser compared with the effect of the accused design", International Silver Co. v. Pomerantz, 271 F.2d 69, 72 (2 Cir. 1959), the court still must conclude that plaintiff's patent was not infringed by defendant's product. "A design patent is not infringed by anything which does not present the appearance which distinguishes the design claimed in the patent from the prior art." 2 Deller's Walker on Patents, *supra* § 179, at 830. In the instant case the two salient features of plaintiff's basket, the latticework end wall which completes the basket's unitary design, and its suitcase type handles, are not copied by defendant. Allowing plaintiff's design only the narrow scope afforded patents with limited differences from the prior art, Ames Shower Curtain Co. v. Heinz Nathanson, Inc., 285 F.Supp. 640, 643 (S. D.N.Y.1968); North British Rubber Co. v. Racine Rubber Tire Co., 271 F. 936, 938 (2 Cir. 1921); 2 Deller's Walker on Patents, *supra* § 179 at 834, the plaintiff must rely solely on defendant's imitation of the arcuate design of its side walls. This alone is far from enough to induce

the burden of proof on the person who asserts invalidity. Reasonable doubt on the issue of validity must be resolved in favor of the patent holder, but in the usual case a preponderance of the evidence determines the issue." Rains v. Niaqua, Inc., 406 F.2d 275, 278 (2 Cir. 1969), cert. denied 395 U.S. 909, 89 S.Ct. 1751, 23 L.Ed.2d 222 (1969). This court finds that defendant has satisfied its burden of proof.

388

an ordinary buyer of such baskets to " . . . purchase one supposing it to be the other. . . ." Gorham Mfg. Co. v. White, *supra*, 14 Wall at 528.

The foregoing sets forth the court's findings of fact and conclusions of law for purposes of Rule 52, F.R.Civ.P.

Accordingly, it is ordered that the Clerk enter final judgment on the merits in favor of the defendant, dismissing plaintiff's complaint for infringement and declaring United States Letters Patent Des. 209159 invalid.