**HERITAGE QUILTS, INC., Plaintiff,**

v.

**NEW HAVEN COMFORT PRODUCTS, INC., Defendant.**

**No. 78 Civ. 4189.**

United States District Court, S. D. New York.

Feb. 14, 1979.

Eyre, Mann, Lucas & Just, New York City, for plaintiff; William Lucas, of counsel.

---

Hubbell, Cohne, Stiefel & Gross, New York City, for defendant; Maurice B. Stiefel, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff, Heritage Quilts, Inc. brought eight actions charging Bibb Company, Barclay Home Products, BAM Marketing, Hollander Home Fashions, Allied Stores, Impressions Division, New Haven Comfort Products, and Whiting Manufacturing with patent infringement and unfair competition. The patent at issue is a design patent entitled "the ornamental design for an INSULATED BODY GARMENT." Heritage has marketed this product under the brand name of "SNUG SACK". The Heritage product resembles a quilted bathrobe with openings for the arms, and a closed bottom.

All eight defendants make similar garments with minor distinguishing characteristics, such 'as zippered bottoms, open bottoms, etc. The garments made by plaintiff and by each defendant have enjoyed great commercial success.

The patent at issue was filed on July 25, 1977 by John Wrightson, the inventor, and was assigned to Heritage Quilts. The patent consisted of three drawings—a front view of the garment when unzipped, a front view when zipped, and a side view as the garment would appear when worn by a seated individual.

On March 23, 1978, an amendment was filed which contained five drawings—a top view, a front view zipped, a side view, a rear view, and a bottom view.

New Haven Comfort Products moved for summary judgment alleging that the patent was invalid and that the unfair competition claim was spurious. We consolidated the eight actions solely on the issue of patent validity, and invited all defendants to join and supplement New Haven's motion.

New Haven has devoted the greater part of its argument to the allegation that the amendment violated 35 U.S.C. § 132 in that it contained new matter. We do not consider this argument because we find that the patent fails to satisfy 35 U.S.C. § 171 which states that in order to obtain a design patent, a "new, original, and ornamental design" must be invented. While the Heritage garment indicates a certain inventiveness, we find that the originality involved is functional rather than ornamental.

In *G. B. Lewis Company v. Gould Products, Inc.* (2d Cir. 1971) 436 F.2d 1176, the court reiterated the firmly established rule that in order to satisfy the inventiveness requirement of 35 U.S.C. § 103, a design patent must be more than merely new and pleasing enough to catch the trade, but rather must reflect some exceptional talent beyond the skill of the ordinary designer. The court further noted that in view of this rule, a design patent is exceedingly difficult to obtain. We do not believe that the patent in this case has met the requirement of an ornamental design.

Defendant New Haven contended in its papers and at oral argument that the amendments submitted on March 23, 1978 constituted "new matter." Plaintiff answered this argument by pointing out that the different stitching or surface ornamentation, and the different bottom of the garment shown in the amended figures was immaterial to the invention. Heritage described the originality of its patent as "its overall appearance of a casual loosely fitted quilted indoor lounging garment that gives the visual impression of soft, comfortable warmth and unconstrained freedom of movement for the top portion of the body." According to Heritage, this "overall appearance" is unchanged regardless of what sort of surface ornamentation or bottom is used. We agree that it makes little difference if the bottom of the garment is open or closed, or if the stitching on the garment is one pattern or another. But we find that the reason for the unimportance of these changes is that the *function* of the garment, rather than its "overall appearance" remains unchanged. Likewise, we find that the originality of the Heritage invention is not in its design or its impact on the eye,

but rather in its usefulness as a warm, loosely fitted garment, enabling freedom of movement. It is obvious that a design patent will not issue if the invention is functional rather than ornamental.

■ Plaintiff has urged that the fact of great commercial success is evidence of the inventiveness of the design, and has cited *Lancaster Colony Corporation v. Aldon Accessories Ltd.* (2d Cir. 1974) 506 F.2d 1197, and *Horwitt v. Longines Wittnauer Watch Co., Inc.* (S.D.N.Y.1975) 388 F.Supp. 1257. Those cases are inapposite. The commercial success of the glass ashtray in *Lancaster*, and the watch with ornamental face in *Horwitt*, could only have been due to the designs, since the functions of the products were exactly the same as any watch or ashtray. In this case, the commercial success of the Heritage garment is due to its functional aspects. The garment is the result of an ingenious idea to manufacture for adults a baby bunting—a small quilted comforter open at the top used traditionally for infants. Accordingly, the design patent is invalid, and summary judgment is granted with respect to the patent infringement claim in each of plaintiff's complaints.

Let plaintiff submit a judgment with respect to each complaint dismissing the infringement claim and certifying, pursuant to Rule 55(b), that there is no just cause to delay the entry of a final judgment. Upon entry of such judgment, unless plaintiff upon a showing of good cause otherwise requests, all further proceedings in these actions will be stayed pending the final disposition of any appeal.